## HEDRICK v. SANTA FE TRAIL TRANSP. CO. (VAN CAMP, Third-Party Defendant).

### No. 4535.

District Court, W. D. Missouri, W. D.

Oct. 27, 1947.

Claude L. Schenck, of Kansas City, Mo., for plaintiff.

Johnson, Davis & Kuraner, of Kansas City, Mo., for defendant Santa Fe Trail Transp. Co.

Claude L. Schenck, of Kansas City, Mo., for third-party defendant.

REEVES, District Judge.

After the defendant and third-party plaintiff had brought in a third-party defendant, the plaintiff and third-party defendant filed their motion to remand upon the ground that there was no longer a diversity of citizenship. Admittedly there is a diversity of citizenship between the plaintiff and the defendant and third-party plaintiff. The third-party defendant is of the same residence and citizenship with the plaintiff.

■ An inspection of the pleadings, particularly the answer and counter-claim of the third-party defendant, discloses no issue between the third-party defendant and the plaintiff. Although the defendant and third-party plaintiff tendered an issue between the two resident parties nevertheless the plaintiff did not, by an amendment of her complaint, raise such an issue. The controversy is between the plaintiff and the defendant and the third-party plaintiff, and the defendant and the third-party plaintiff and the third-party defendant. This being true, the controversy is wholly between parties who are of diverse citizenship.

■ 1. Whether the amendment to Rule 14, Federal Rules of Civil Procedure, 28 U S.C.A. following section 723c, relating to third-party practice would apply or not, the fact remains that, under the authorities construing this rule before amendment, the court would exercise jurisdiction. Without exception the courts have said that the third-party proceeding is but "ancillary" to the main action and that jurisdiction rests on the jurisdiction of the main action.

Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305; Metzger v. Breeze Corporation, D.C., 37 F.Supp. 693.

2. The opinion in People of, State of Illinois v. Maryland Casualty Co., 7 Cir., 132 F.2d 850, 854, does not depart from this doctrine. In that case the third-party defendant tendered an issue with the plaintiff and in a way eliminated the defendant and third-party plaintiff. The court simply said that it was "a situation where the third party defendant leaves his ancillary position and stands forth as a full-fledged defendant in opposition to the parent action." It was doubtless because of this ruling by the Court of Appeals, 7th Circuit, that Rule 14 was amended by the Supreme Court.

Clearly there was a good reason for the ruling in the Maryland Casualty Company case. Such reason is not present in this case. The motion to remand should be overruled and it will be so ordered.