■ ARTHUR YOUNG & COMPANY, Appellant, v ROBERT H. Y. LEONG, Respondent.—Order, Supreme Court, New York County, entered February 6, 1975, reversed, in the exercise of discretion, and the motion of defendant-respondent to dismiss the complaint on the ground of *forum non conveniens* denied, with $60 costs and disbursements to appellant. Special Term, appar-

ently relying upon the holding in *Silver v Great Amer. Ins. Co.* (29 NY2d 356), exercised discretion to dismiss, conditioned upon defendant's waiver of defenses of limitation of time and laches arising after commencement of the action. Plaintiff-appellant's opposition to the motion was based upon a clause contained in the articles subscribed by the parties, which provided that the applicable law to govern disputes between them should be that of this State and that all claims pressed under the agreement "shall be heard and determined in the Federal or state courts located in the County and State of New York." It was further provided, rather elaborately, for any suit commenced elsewhere to be transferred as indicated, and that plaintiff consent thereto or, if consent be unobtainable, that the suit should become dismissible without prejudice to being commenced again in one of the designated courts. *Silver,* a 1972 case, holds no more than does its later codification succinctly expressed in the last sentence of CPLR 327: "The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." Its whole effect was to vitiate the rule to the contrary which theretofore obtained. See in this connection the Appellate Division decision which requested our highest court to reconsider that rule: (35 AD2d 317). The practical effect of abrogation of the earlier rule was simply to relegate cases of this type to evaluation in the exercise of discretion. And this is what Special Term and our dissenting Justice have done, completely ignoring however a most salient factor. The factor which distinguishes this case from *Silver,* and every other case which follows it, is the specific agreement of the parties as to the forum in which disputes should be adjudicated. Parenthetically, though the forum selection clause was not in the original 1971 agreement between the parties, it was added by a subsequent document, in force when this suit commenced, and is applicable by its terms to the separate agreement sued on. In the absence of a showing of contrary public policy, or fraud, or mistake, the meeting of the minds expressed in the contract should ordinarily be enforced. (Cf. *Gilbert v Burnstine,* 255 NY 348.) We find here none of the reasons militating against enforcement of the agreement, so we go further to weigh the contract's provision as one of the circumstances to be considered in the exercise of discretion. Doubtless, it is a substantial factor (see *Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333) or it would not have been incorporated in the articles sued on. (See, also, *Export Ins. Co. v Mitsui S. S. Co.,* 26 AD2d 436.) It seems that the comparative weight of all the factors involved herein was not adequately considered at Special Term, which regarded little more than convenience of witnesses and parties as of importance. All of these factors doubtless were— or should have been—considered by the parties in arriving at their agreement upon a forum. In short, by their own exercise of discretion in agreeing upon a forum, the parties themselves obviated considerations of inconvenience to a party or a witness. *Silver* (p 361) still maintains that "residence is, of course, an important factor to be considered". And contracts are made to be enforced *(Gilbert v Burstine, supra).* The inconvenience to defendant, such as it may be, does not overcome both these factors, nor does this case actually appear to be burdensome if left here. We exercise discretion, therefore, to allow it to remain where it is. Concur—Stevens, P. J., Markewich and Burns, JJ.; Nunez, J., dissents in the following memorandum: The majority should not substitute its discretion for that of Special Term. Mr. Justice Korn properly observed that New York has not the slightest nexus with the dispute between these litigants. There is not a single witness in New York. The dispute arose in Hawaii. All records, said to be voluminous,

are in Hawaii. The defendant has his only office and resides in Hawaii; the plaintiff also has an office in Hawaii. New York law would be applied by the Hawaii courts in accord with the contract between these litigants. Lastly, it is manifestly unfair to compel this defendant to come from Hawaii with his witnesses and records to defend this action when the plaintiff could repair to Hawaii for trial without the slightest prejudice. I would affirm on the well-reasoned opinion of Justice Korn.