James C. BRYFOGLE and
Mitzi Bryfogle

v.

CARVEL CORPORATION.

Civ. A. No. 87–983.

United States District Court,
E.D. Pennsylvania.

July 14, 1987.

Bernard V. O'Hare, Bethlehem, Pa., for plaintiff.

Duane Tyler, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs, James and Mitzi Bryfogle ("the Bryfogles") entered into a written franchise agreement ("License Agreement") with defendant, Carvel Corporation ("Carvel") on May 13, 1975 under which the plaintiffs operated a Carvel ice cream store. The parties continued as franchisor and franchisee until the License Agreement expired in October, 1985, when the Bryfogles vacated the premises. On January 26, 1986, Carvel terminated its lease of the store. Subsequently, the Bryfogles entered into a lease for the identical property and commenced business on December 5, 1986, opening a store named "Mitzi's Ice Cream" which sold ice cream as well as greeting cards and gift items. The Bryfogles have, according to their complaint, completely remodeled the store thus removing any vestiges of Carvel.

On January 8, 1987, Carvel commenced an action in the Supreme Court of the State of New York, County of Westchester, pursuant to paragraph 28 of the License Agreement, which reads, in pertinent part:

It is mutually understood and agreed that this Agreement shall be deemed to have been made in the State of New York, County of Westchester, and that any and all performance thereunder, or breach thereof shall be interpreted, governed and construed pursuant to the laws of the State of New York, and the parties consent that New York State shall be a forum where any cause of action arising under this Agreement may be instituted.

In the New York case, Carvel sought to enjoin the Bryfogles from operating their store on the grounds that they violated the non-competition clause in paragraph 31 of the License Agreement, which reads:

To prevent dilution of the exclusivity of the valuable Carvel know-how and Carvel trade secrets to be acquired by Licensee hereunder, it is agreed as part of the consideration to, and inducement for, Licensor entering into this agreement that in the event Licensee sells the Carvel Store or abandons the Carvel Store provided for in this license, or in the event this license is terminated for any reason except for Licensor's breach, then for a period of three (3) years next following such event Licensee shall not directly or indirectly engage in whole or in part in the production, distribution or sale of ice cream or other frozen desserts whether as a proprietor, employee, officer, director, agent, joint venturer, partner or other capacity whatsoever, within a radius of two (2) miles of the site of the within Carvel store. The provisions of this paragraph shall survive termination, abandonment or other cancellation of this agreement.

Additionally, Carvel sought an accounting of the Bryfogles profits, damages for trademark infringement, and past due monies owed to Carvel.

The Bryfogles instituted an action in the Court of Common Pleas of Northampton County, Pennsylvania, seeking to enjoin Carvel from prosecuting the New York action. The Court of Common Pleas granted the injunction of February 20, 1987.[1] Carvel then removed the action to this court.

Although I had originally scheduled an injunction hearing in this matter, the parties agreed that the case should be resolved on the basis of the pending motions. Pending are the Bryfogles' motion to remand and Carvel's motion to dismiss the complaint and to dissolve the preliminary injunction, or in the alternative, for summary judgment. For the reasons that follow, the motion to remand will be denied, summary judgment shall be granted in favor of Carvel, and the preliminary injunction shall be dissolved.

## I. Motion to Remand

An action is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Carvel asserts that this case could have been brought in this court pursuant to 28 U.S.C. § 1332. It is undisputed that the citizenship of the parties is diverse. Plaintiffs argue, however, that the amount in controversy does not exceed ten thousand dollars.

The right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed. *Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d 132, 135 (3d Cir.), *cert. denied*, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). In their complaint, the Bryfogles seek to enjoin the New York action and also request "such damages as the court deems mete and just including exemplary damages and attorney's fees." (Complaint at 9). In a case where, as here, plaintiffs seek an injunction, the amount in controversy is measured by the value of the interest sought to be protected by the equitable relief requested. *Spock v. David*, 469 F.2d 1047, 1062 (3d Cir.), *stay denied*, 409 U.S. 971, 93 S.Ct. 301, 34 L.Ed.2d 235 (1972); *Hirsch v. Jewish War Veterans*, 537 F.Supp. 242, 243 (E.D.Pa.1982).

In the instant case, the Bryfogles seek to stop a suit in New York. The outcome of the New York action could cause the Bryfogles to lose considerably more than ten thousand dollars, since Carvel seeks damages in excess of six million dollars. *See* motion to remand ex. A (Carvel complaint). Moreover, they could be forced to move their business location and plaintiffs aver that at "considerable expense" they remodeled the store. Complaint ¶ 10; *see also* motion to dismiss ex. 7 at 9. Plaintiffs also seek monetary damages, despite their effort to downplay this part of their prayer for relief by calling it an "afterthought". *See* pls' brief sur motion to remand at 9.

Unless it appears to a legal certainty that the claim set forth in the complaint is for less than the jurisdictional amount, the amount in controversy requirement is deemed satisfied. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir.1985) (applying legal certainty test). Upon review of the pleadings, I find that the Bryfogles seek to protect interests which exceed ten thousand dollars, and that it does not appear to a legal certainty that the amount in controversy is less than the jurisdictional amount. Thus, the amount in controversy requirement is satisfied.

Plaintiffs' second argument for remand is that the Pennsylvania action is ancillary to the New York action and is therefore not removable. Plaintiffs rely on cases which have held that proceedings ancillary to an action pending in state court should not be removed. *See, e.g., International Org. Masters, Mates & Pilots, Local No. 2 v. International Org. Masters, Mates & Pilots*, 342 F.Supp. 212 (E.D.Pa.1972); *Overman v. Overman*, 412 F.Supp. 411 (E.D. Tenn.1976); *Nowell v. Nowell*, 272 F.Supp. 298 (D.Conn.1967); *Hedrick v. Santa Fe Trail Transp. Co.*, 74 F.Supp. 805 (W.D. Mo.1947). Initially, I note that I am not persuaded that this Pennsylvania action, which seeks to stop a New York action, in

---

1. Although Carvel was present at the injunction hearing, it did not participate.

"ancillary" to the New York case. More importantly, however, the reasoning of the cases on which the Bryfogles rely is inapposite. These cases hold that remand is appropriate where the federal court action is essentially a part of the state court action, because of the difficulties and inefficiencies of litigating what is, in essence, one action in two different forums. "Bifurcation of a case into two forums may do it 'practical violence.' From a pragmatic viewpoint, it 'would be wasteful to have the appendage in federal court when the principal claim is being litigated in state court.'" *International Org. Masters,* 342 F.Supp. at 214 (citations and footnotes omitted). In the present case, plaintiffs argue that this action is ancillary to the New York action; yet a remand to Pennsylvania state court would not obviate the problem of litigating one action in two forums since litigation would still be occurring in both Pennsylvania and New York state courts. In conclusion, I find this argument for remand to be without merit.

The Bryfogles next argue that Carvel waived its right to remove. They argue that this action is an answer or an affirmative defense to the New York action, only different from the garden-variety defensive pleading in the "unimportant circumstance that it was filed in Pennsylvania" as a separate complaint. Pls. brief sur motion to remand at 13. Thus, plaintiffs conclude that Carvel is really a plaintiff and cannot remove since, under 28 U.S.C. § 1441, only defendants have the right to remove. There is no merit to this argument. Carvel is plainly a defendant in this action; it instituted no action in Pennsylvania and is involved in this case only because it must defend itself.

Alternatively, the Bryfogles argue that since Carvel could have sued plaintiffs in federal court but chose a New York forum, Carvel "spurned" a federal arena and waived its right to a federal forum, even by removal. The right of removal may be lost or waived, but the intent to waive removal must be clear and unequivocal. *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 863 (W.D.Pa.1976); *Carpenter v. Illinois Cent. Gulf R.R.,* 524 F.Supp. 249, 251 (M.D.La.

1981). Plaintiffs have presented no evidence that Carvel sought to waive removal and no stipulation about waiver appears in the License Agreement. The right to remove may also be waived if a defendant takes substantial defensive action in state court before petitioning for removal. *Haun,* 420 F.Supp. at 863. In this case, Carvel did not defend itself in state court and filed for removal within one day of the issuance of the injunction. Thus, I conclude Carvel did not waive its right to remove this action.

Lastly, plaintiffs contend that Carvel's motives for removal to "hie [the case] back to New York" are an improper use of the removal statute. It is, of course, always true that a defendant will remove only when it perceives removal to be an advantageous litigation strategy. Removal is a statutory right. *See* 28 U.S.C. § 1441. As long as defendant is within its rights to remove under the statute, defendant's motives for removal are irrelevant in determining whether removal is proper. In sum, after consideration of all the issues raised by plaintiffs in their motion to remand, I conclude the motion must be denied.

## II. *Motion for Summary Judgment*

■ Carvel has moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, for summary judgment. Because I have considered matters outside the pleadings, I shall treat this motion as one for summary judgment. Fed.R.Civ.P. 12(c).

Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Small v. Seldows Stationery,* 617 F.2d 992, 994 (3d Cir.1980). The court does not resolve questions of disputed fact, but simply decides whether there is a genuine issue of material fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The facts and inferences therefrom must be viewed in the light most favorable to the opposing party and any reasonable

doubt as to the existence of a genuine issue of material fact is to be resolved against the moving party. *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982).

Carvel argues that summary judgment is warranted because it properly exercised its rights under the forum selection clause of the License Agreement in filing suit in New York. Under paragraph 28 of the License Agreement, the forum selection clause applies only to a cause of action "arising under this Agreement". Because Carvel seeks to enforce paragraph 31 (the non-competition clause) of the License Agreement, there is no question but that this is a matter arising under the contract, so that the forum selection clause, if enforceable, applies to Carvel's action.

The Bryfogles contend that the forum selection clause should not be enforced. Because the construction of the License Agreement is governed by state law, I must turn to Pennsylvania law to determine what law governs the enforceability of the forum selection clause. *General Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356–57 (3d Cir.1986). Although, under Pennsylvania law, an argument could be made in support of applying either Pennsylvania or New York law in this case, I need not resolve this issue since the law of both jurisdictions is substantially the same. Both Pennsylvania and New York favor enforceability of forum selection clauses. In Pennsylvania, "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 133, 209 A.2d 810, 816 (1965). Similarly, under New York law, "[i]n the absence of a showing of contrary public policy, or fraud or mistake, the meetings of the minds expresses in the contract should be enforced." *National Union Fire Ins. Co. v. Weir*, 517 N.Y.S.2d 141 (N.Y.App.Div.1987) (Westlaw at p. 3). "When all the parties to an agreement have designated a particular forum for the resolution of their disputes, such a forum-selec-

tion clause is 'prima facie valid and should be enforced ... unless unreasonable under the circumstances.'" *Credit Francais Int'l v. Sociedad Financiera de Comercio, C.A.*, 128 Misc.2d 564, 490 N.Y.S.2d 670, 674 (1985) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). It is the burden of the party seeking to challenge the agreed forum to establish why the forum selection clause should not be enforced. *Central Contracting*, 418 Pa. at 134, 209 A.2d at 816, *Credit Francais*, 490 N.Y.S.2d at 675.

The Bryfogles do not contend that the forum selection clause in the License Agreement was the result of fraud or mistake, or that it is contrary to public policy. Rather, they argue that the forum selection clause is unreasonable on the grounds that they cannot afford to litigate this dispute in New York because they are unable to afford the fees of New York counsel and because they cannot leave their business unattended. The Bryfogles also complain that no witnesses will travel to New York and that they will be forced to litigate with depositions which are an "unsatisfactory" means of trying a case. Pls. brief sur motion to dismiss at 9.

Although the Bryfogles may incur greater expense and may be inconvenienced by litigating this action in New York, "[m]ere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that plaintiff received under the contract consideration for these things." *Central Contracting*, 418 Pa. at 133, 209 A.2d at 816. "[B]y their own exercise of discretion in agreeing upon a forum, the parties themselves obviated considerations of inconvenience to a party or a witness." *Arthur Young & Co. v. Leong*, 53 A.D.2d 515, 383 N.Y.S.2d 618, 619, *appeal dismissed*, 40 N.Y.2d 984, 359 N.E.2d 435, 390 N.Y.S.2d 929 (1976). Witness availability and the potential need for New York counsel was a risk foreseeable at the time that the Bryfogles entered into the License Agreement. Furthermore, plaintiffs present no evidence to show why they could not temporarily close the store for

the time they would be in New York. Although Mitzi Bryfogle testified that plaintiffs could not afford temporary help, she also testified that her children have experience working in the store. (Def.App. ex. 7 at 17). In conclusion, I find that there is no reason to deny enforcement of the forum selection clause in the present case. Accordingly, I hold that the forum selection clause in the License Agreement is valid and enforceable and thus, summary judgment must be entered in favor of Carvel.[2]

■ The only remaining issue is Carvel's motion to dissolve the preliminary injunction entered in state court. 28 U.S.C. § 1450 provides that all injunctions, orders and other proceedings entered in an action in state court prior to its removal shall remain in full force and effect until dissolved or modified by the district court. A federal court, to which an action commenced in state court has been removed, has the authority to dissolve or modify injunctions and orders entered in state court prior to removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974).

A preliminary injunction is superseded by a final judgment on the merits. *Ameron v. U.S. Army Corps of Eng'rs,* 610 F.Supp. 750, 757 (D.N.J.1985), *aff'd as modified,* 787 F.2d 875 (3d Cir.), *on reh'g,* 809 F.2d 979 (3d Cir.1986). In this case, the preliminary injunction issued for the Bryfogles is superseded by the final judgment in this case in favor of Carvel and thus must be dissolved.[3]

An appropriate order follows.

### ORDER

Upon consideration of plaintiffs' motion to remand and defendant's response thereto, and defendant's motion to dismiss the complaint, or in the alternative, for summary judgment and to dissolve the injunction and plaintiffs' response thereto, IT IS ORDERED that:

1. Plaintiffs' motion to remand is DENIED.

2. Defendant's motion for summary judgment is GRANTED. Summary judgment is hereby granted in favor of defendant Carvel Corporation and against plaintiffs James C. Bryfogle and Mitzi Bryfogle.

3. The injunction entered in the Court of Common Pleas of Northampton County by Judge Richard D. Grifo on February 20, 1987, enjoining Carvel Corporation from taking any further action or making any procedural moves of any kind whatsoever in connection with action pending in Westchester County, New York under the caption "Carvel Corporation, Plaintiff vs. James C. Bryfogle and Mitzi Bryfogle, formerly d/b/a Carvel Store No. 1515, Defendants" is DISSOLVED.

IT IS SO ORDERED.

---

**2.** The Bryfogles argue that the non-competition clause should not apply in this case because Carvel terminated the License Agreement. This argument may be raised by the Bryfogles in their defense of the New York action.

**3.** Carvel also argues that the state court injunction is procedurally deficient in that no action was properly commenced as required by Pa.R. Civ.P. 1007. I need not address this issue since I find that the injunction must be dissolved because it is superceded by my final order in this case.