OPINION OF THE COURT
Angela M. Mazzarelli, J.
Motions with sequence numbers 001 and 002 are consolidated for disposition.
BACKGROUND
In this declaratory judgment action, plaintiffs, the Babcock & Wilcox Company (B&W), Elsag Bailey, Inc. (Bailey) and Finmeccanica Societa Per Azioni (FSPA) (collectively, plaintiffs), seek a declaration that (1) any claims defendant Control Components, Inc. (CCI) may have against B&W, Bailey and FSPA which arise out of a September 15, 1981 contract must be brought in New York, and (2) the claims asserted by CCI in a pending Ohio action are barred as a matter of New York law. Plaintiffs began this declaratory judgment action against CCI by filing their summons and complaint on December 9, 1992. Defendant commenced a breach of contract action against B&W, Bailey and FSPA by filing a complaint in the Court of Common Pleas of Cuyahoga County, Ohio, on December 17, 1992 (case No. 92-244285-CV). By stipulation of the parties, the Ohio action has been voluntarily stayed until the determination of these two motions.
Plaintiffs move for a preliminary injunction pursuant to CPLR 6301 enjoining CCI from prosecuting the Ohio action. By separate notice of motion, defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (2), (4) and (7). Alterna *639 lively, defendant asks the court to stay this declaratory judgment action pending final disposition of the Ohio action.
B&W, Bailey and CCI are Delaware corporations with their respective principal places of business in Louisiana, Ohio and California. FSPA is an Italian corporation with its principal place of business in Rome, Italy. On September 15, 1981, B&W and CCI entered into a written agreement for CCI’s purchase from B&W of a valve manufacturing and replacement parts business. The approximate purchase price was $8,000,000.* Article 15 of the parties’ agreement contains both a forum selection clause and a choice of law clause. These clauses expressly provide, as follows:
"15.5 Jurisdiction. The Purchaser [CCI] * * * and Seller [B&W] each hereby (a) agree to submit to the jurisdiction of the Supreme Court of the State of New York and/or of the United States District Court for the Southern District of New York in any action, suit, arbitration or other proceeding arising out of or with respect to the subject matter of this Agreement and that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of New York, (b) appoint the Secretary of State of the State of New York as its agent for service of process, which may be served in the manner provided for service on foreign corporation in Section 307 of the New York Business Corporation Law, and (c) waive any other requirements of personal jurisdiction or venue with respect to any such action, suit, arbitration or other proceeding in New York City.
"15.10. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York.”
In late October 1992, CCI threatened to sue plaintiffs in Ohio alleging breach of the 1981 purchase agreement. Indeed, CCI forwarded a copy of a draft Ohio complaint to the plaintiffs. CCI’s Ohio complaint alleges that the plaintiffs in the New York action failed to turn over certain documents and have disclosed certain trade secrets in contravention of the purchase agreement. At plaintiffs’ request, CCI’s Ohio attorneys deferred commencement of the Ohio action until after December 10, 1992, to allow plaintiffs’ counsel an opportunity to investigate CCI’s claims. Plaintiffs then brought the instant *640 declaratory judgment action, by serving the summons and complaint upon CCI through the Secretary of State of the State of New York on or about December 9, 1992. Approximately eight days later, CCI commenced a breach of contract action in Ohio seeking, inter alla, damages in the sum of $16,350,000 as a result of plaintiffs’ purported breach of the 1981 purchase agreement. These two motions followed.
DISCUSSION
Resolution of the motions turns in large part on interpretation of section 15.5 of the 1981 purchase agreement. Plaintiffs argue that this forum selection clause, when viewed in light of relevant New York statutes and case law, must be read as making New York the mandatory and exclusive choice of forum for any lawsuits arising out of the agreement. Consequently, according to plaintiffs, defendant has contractually agreed to be prohibited from commencing an action against plaintiffs outside the State of New York. Defendant argues that although forum selection clauses are prima facie valid and should generally be enforced (see, British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1st Dept 1991]), the clause at issue here is permissive. Thus, according to CCI, section 15.5 of the purchase agreement empowers the New York courts to hear any lawsuits filed here which might otherwise have been dismissed for lack of jurisdiction, but does not preclude the bringing of litigation in other fora.
The court’s consideration of whether the choice of forum clause here is permissive or mandatory in nature must be conducted in light of General Obligations Law § 5-1402. The statute provides, in relevant part: "any person may maintain an action or proceeding against a foreign corporation, nonresident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or part * * * and which (a) * * * relat[es] to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state.” (General Obligations Law § 5-1402 [1].) In enacting General Obligations Law § 5-1402, and the companion statute General Obligations Law § 5-1401, which addresses choice of law *641 clauses, the Legislature made explicit that "public policy favors New York courts retaining lawsuits where New York is the designated forum.” (Credit Francais Intl., v Sociedad Financiera De Comercio, 128 Misc 2d 564, 572 [Sup Ct, NY County 1985].) Thus, "as a matter of public policy * * * [this court] must permit parties to maintain an action pursuant to a contractual agreement providing for a choice of New York law and forum in cases involving” a controversy in excess of $1,000,000. (Supra, at 573; see also, Banco Do Commercio E Industria De Sao Paolo v Esusa Engenharia E Construcoes, 173 AD2d 340 [1st Dept 1991].) A forum selection clause will only be set aside if a party shows "that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud of overreacting, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court.” (British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, supra, at 234.)
CCI’s argument that the forum selection clause at bar is permissive is principally based on four United States District Court cases from the Southern District of New York. The court notes that three of these cases were decided before General Obligations Law §§ 5-1401 and 5-1402 became effective in July 1984. In Heyco, Inc. v Heyman (636 F Supp 1545 [SD NY 1986]), the forum selection clause provided,
"[Heyco] shall, in addition to any other relief to which it may be entitled, be entitled to seek injunctive relief and damages in the Superior Court of the State of New Jersey, to whose jurisdiction [both parties] hereby consent * * *
"This Agreement shall be deemed made in the State of New Jersey and shall be construed and enforced in accordance with the substantive law of New Jersey without resort to its choice of law rules. The parties expressly hereby submit to the personal jurisdiction of the courts of original jurisdiction of the State of New Jersey for resolution of all disputes arising under this Agreement.” (Supra, at 1547 [emphasis added].)
The Heyco court denied a motion to dismiss an action filed in New York based on improper venue, holding that the clause "empowered [the New Jersey courts] to adjudicate this litigation, but the parties have not agreed that New Jersey is the exclusive forum.” (Supra, at 1548.) The court granted, however, a motion to transfer the case to the United States *642 District Court for the District of New Jersey on the basis of convenience and in the interest of justice. In denying the motion to dismiss, the Heyco court relied heavily on cases which predate the enactment of General Obligations Law §§ 5-1401 and 5-1402. Furthermore, as discussed below, some of the cases relied on by the Heyco court, as well as by defendant here, have since been criticized, distinguished or implicitly overruled. Thus, this court does not find Heyco to be persuasive authority for the proposition that the clause at bar is permissive.
In Credit Alliance Corp. v Crook (567 F Supp 1462, 1465 [SD NY 1983]) the forum selection clause provided that the parties "agree to the venue and jurisdiction of any court in the State and County of New York regarding any matter arising hereunder.” The forum selection clause in Coface v Optique Du Monde (521 F Supp 500, 503 [SD NY 1980]) provided that the parties "consent to the jurisdiction of the State and Federal courts sitting in New York in any action arising out of or connected in any way with this Agreement.” The language interpreted in First Natl. City Bank v Nanz, Inc. (437 F Supp 184, 186 [SD NY 1975]) stated that "the Supreme Court of the State of New York, within any county of the City of New York shall have jurisdiction of any dispute.” The court, in each of these three cases, determined that the specific contractual language did not constitute exclusive and mandatory choice of forum.
At first glance these cases seem to support the conclusion that the language before this court is also permissive. However, as plaintiffs note, recent and more persuasive cases suggest a contrary result. In Seward v Devine (888 F2d 957, 962 [2d Cir 1989]) the United States Court of Appeals interpreted a forum selection clause which provided that "the New York State Supreme Court, Delaware County, shall have jurisdiction over all litigation which shall arise out of any disputes or disagreements between the parties concerning a breach or interpretation of any of the terms of the agreement.” The Seward court found this language to be mandatory in nature, and held that breach of contract claims should have been brought in New York State Supreme Court, Delaware County, rather than in the Federal District Court. The use of the word "shall” in a forum selection clause has been interpreted as making the clause mandatory. (See, ASM Communications v Allen, 656 F Supp 838 [SD NY 1987].) Thus, Seward has been interpreted as implicitly overruling the Nanz *643 case (supra) in which a forum selection clause was held to be permissive notwithstanding the use of the word shall. (See, Asher v Goldberg, 775 F Supp 709, 711 [SD NY 1991].)
Nanz and Credit Alliance (supra) were also found inapplicable in Water Energizers v Water Energizers (788 F Supp 208 [SD NY 1992]) another case in which the forum selection clause used "shall.” As the Energizers court explained, there are "no magic words * * * that must appear in a contract to create an effective designation of an exclusive forum. Any language that reasonably conveys the parties’ intention to select an exclusive forum will do.” (Supra, at 212.)
 In the case at bar, the language of the purchase agreement, while not as artfully drafted as it might have been, evinces a clear intent by the parties for any related litigation to proceed here in New York. Nor is the choice of New York illogical when the litigation is multi-State or multinational in nature. (See, Credit Francais Intl. v Sociedad Financiera De Comercio, 128 Misc 2d 564, 569, supra.) Furthermore, the fact that the agreement was drafted in 1981, before New York’s statute explicitly providing for the enforceability of choice of forum clauses was enacted in 1984, is of no moment, because the statutes have retroactive effect on subsequently filed litigation. (Supra; General Obligations Law §§ 5-1401, 5-1402.) Thus, the court concludes that the choice of forum and choice of law language here, when read together in light of General Obligations Law §§ 5-1401 and 5-1402, is mandatory and exclusive in nature.

Motion to Dismiss

To the extent that CGI’s motion to dismiss is based on the doctrine of forum non conveniens due to the location of numerous witnesses and documents in Ohio, it must be denied. The Legislature has expressly precluded such an argument in CPLR 327 (b), which provides that "the court shall not stay or dismiss any action on the ground of inconvenient forum, where the action arises out of or relates to a contract, agreement or undertaking to which section 5-1402 of the general obligations law applies, and the parties to the contract have agreed that the law of this state shall govern their rights or duties in whole or in part.” CCI offers no compelling rationale of why CPLR 327 (b) would not apply here. Thus, the contractual agreement submitting to the jurisdiction of New York and choosing New York law estops CCI from claiming *644 that New York is an inconvenient forum. (See, Young & Co. v Leong, 53 AD2d 515 [1st Dept 1976].)
All parties here recognize that a New York court’s decision to entertain a declaratory judgment action is discretionary. CCI argues, inter alla, that this action should be dismissed because a full and adequate remedy can be afforded plaintiffs in a traditional breach of contract action, such as the Ohio action. Defendant characterizes this action as seeking "only a declaration that New York is the only proper forum * * * and a declaration of non-liability in the Ohio action.” CCI argues that plaintiffs’ claims "are more properly raised as defenses in the Ohio action.” However, as noted in the Practice Commentaries to CPLR 3001, "[t]he declaratory action has become an important remedy to those who want their rights clarified but have no traditional action to bring as plaintiffs.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3001:12, at 440 [emphasis added].) "There is no arbitrary restriction on the kind, character, or substantive nature of claim that may be brought in declaratory form.” (Siegel, NY Prac § 437, at 664 [2d ed 1991].) Here, CCI would require plaintiffs to wait to be sued, inasmuch as the relief sought cannot be obtained as a plaintiff in a traditional cause of action. This is precisely what the declaratory judgment action is designed to avoid. Plaintiffs here affirmatively seek an interpretation and enforcement of a contractual provision — the parties’ forum selection clause. Because this relief is not available to plaintiffs by "alternative conventional forms of remedy” as plaintiffs, a declaratory judgment action is proper. (Bartley v Walentas, 78 AD2d 310, 312 [1st Dept 1980].)
Defendant’s reliance on Salomon Bros. v West Va. State Bd. of Invs. (152 Misc 2d 289 [Sup Ct, NY County 1990], affd 168 AD2d 384 [1st Dept 1990], lv denied 77 NY2d 807 [1991]) for the proposition that a declaratory judgment action here is inappropriate is misplaced. Salomon Bros, did not involve the interpretation of a contractual forum selection provision, but rather was a pure race-to-the-courthouse case. The Salomon Bros, court found the declaratory judgment action to have been a tactical preemptive strike, which was really forum shopping in disguise. This characterization does not apply here, as plaintiffs legitimately seek to enforce an agreement designating New York as the forum for this litigation. Thus, CCI’s motion to dismiss because the complaint "fails to state a cause of action” (CPLR 3211 [a] [7]) for declaratory relief or *645 because of lack of subject matter jurisdiction (CPLR 3211 [a] [2]) is denied.
Finally, the branch of CGI’s motion which seeks dismissal based on the fact that "there is another action pending between the same parties for the same cause of action” (CPLR 3211 [a] [4]) is also denied. The court is fully aware that temporal priority, particularly when it is only a matter of days, as here, is only but one factor to consider in choice of forum litigation. (See, Flintkote Co. v American Mut. Liab. Ins. Co., 103 AD2d 501 [2d Dept 1984], affd 67 NY2d 857 [1986].) Such a motion may be granted if there is "substantial identity of the parties, and the nature of the relief sought is substantially the same.” (JC Mfg. v NPI Elec., 178 AD2d 505, 506 [2d Dept 1991].) Here, however, the nature of the relief sought in the complaints is not substantially the same. Indeed, the whole thrust of this action is for plaintiffs to obtain a declaration that all litigation must proceed in New York. Surely, CCI does not contend that it seeks this relief in its Ohio action.
Accordingly, CCI’s motion to dismiss the complaint is denied in toto.

Motion for Preliminary Injunction

Plaintiffs seek a preliminary injunction enjoining CCI from bringing any other lawsuits against them arising out of the 1981 contract in fora outside New York and directing CCI to seek a stay of the Ohio action already filed. Although this court previously denied a temporary restraining order to this effect, the preliminary injunction is now granted. The court notes that the parties previously undertook to voluntarily take whatever steps were necessary to stay the Ohio action pending resolution of these motions.
Generally, "the rule of comity forbids the granting of an injunction to stay proceedings which have been commenced in a court of competent jurisdiction of a [sibling] State unless it is clearly shown that the suit sought to be enjoined was brought in bad faith, motivated by fraud or an intent to harass the party seeking the injunction, or if its purpose was to evade the law of the domicile of the parties” (Hyman Constr. Co. v Precision Walls, 132 AD2d 523, 526 [2d Dept 1987]). However, the use of injunctive relief to enforce a forum selection clause has been upheld as a proper exercise of discretion. (See, e.g., Personal Sportswear v Silverstein, 1982 WL 11247 [Sup Ct, NY County], affd 91 AD2d 507 [1st Dept 1982].)
*646 Here, there has been a sufficient evidentiary showing by plaintiffs of entitlement to a preliminary injunction. Plaintiffs have demonstrated that they will be subjected to irreparable harm in being forced to engage in duplicative litigation and unnecessary expense. They have also demonstrated a likelihood of success on the merits of their action, by showing that defendant CCI’s choice of Ohio as a forum is in contravention to an exclusive forum selection clause which should be enforced. Finally, the court finds that the balance of the equities lies in plaintiffs’ favor. It appears to this court that CCI’s choice of Ohio is designed to attempt to avoid the shorter Statute of Limitations in New York which will apply. Thus, notwithstanding general principles of comity, this is that rare case where injunctive relief affecting litigation in another State is appropriate if the declaratory relief sought is to have any meaning.
Accordingly, the motion for a preliminary injunction enjoining defendant from taking any further action in the Ohio action and from filing any other lawsuits in other fora pending resolution of this action is granted.

 Bailey and FSPA purportedly assumed B&W’s obligations to CCI pursuant to an agreement dated August 31, 1989.