[851 NYS2d 311]

Fear & Fear, Inc., Appellant, v N.I.I. Brokerage, L.L.C., et al., Respondents.

Fourth Department, February 1, 2008

**APPEARANCES OF COUNSEL**

*Hiscock & Barclay, LLP*, Syracuse (*Alan R. Peterman* of counsel), for plaintiff-appellant.

*Edward Z. Menkin*, Syracuse, for defendants-respondents.

**OPINION OF THE COURT**

FAHEY, J.

The issue before us on this appeal is whether the use of the permissive term "may" in a forum selection clause negated its mandatory nature. We conclude that it did not and thus that Supreme Court properly granted defendants' motion for a change of venue from Onondaga County to New York County.

Defendant N.I.I. Brokerage, L.L.C. (N.I.I.), a Delaware limited liability company with its principal place of business in New York City, entered into an asset purchase agreement (agreement) with plaintiff, an insurance business with its principal place of business in Onondaga County, pursuant to which N.I.I. purchased substantially all of plaintiff's assets. As part of the agreement, N.I.I.'s manager, defendant Matthew Grossberg, executed a promissory note and an individual guaranty. The agreement contained a forum selection clause that provided that "[t]he parties . . . agree that any and all actions arising under or in respect of this Agreement may be litigated in any federal or state court of competent jurisdiction located in the Borough of Manhattan, State of New York." The agreement also provided that "each party to this Agreement irrevocably submits to the personal and exclusive jurisdiction of such courts for itself . . . and in respect of its . . . property with respect to such action . . . and hereby waives any objection that any such court is an improper or inconvenient forum." Plaintiff commenced this action in Onondaga County alleging that Grossberg defaulted on the promissory note and guaranty, and asserting causes of action for, inter alia, breach of contract, unjust enrichment and conversion and, as noted, the court granted defendants' motion for a change of venue to New York County.

> "It is well-accepted policy that forum-selection clauses are *prima facie* valid. In order to set aside such a clause, a party must show that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" (*British W. Indies Guar. Trust Co. v Banque Internationale A*

*Luxembourg*, 172 AD2d 234 [1991]; *see Price v Brown Group*, 206 AD2d 195, 198 [1994]; *see generally The Bremen v Zapata Off-Shore Co.*, 407 US 1, 15-18 [1972]).

Further, CPLR 501 provides that a "written agreement fixing place of trial, made before an action is commenced, shall be enforced upon a motion for change of place of trial," subject only to a change of venue on the ground that an impartial trial could not be had in the venue designated by the agreement.

We reject plaintiff's contention that the language of the forum selection clause was not mandatory. "The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive' " (*John Boutari & Son, Wines & Spirits, S.A. v Attiki Importers & Distribs. Inc.*, 22 F3d 51, 52 [1994]). Here, the parties' intent to make the jurisdiction exclusive is demonstrated by the language "each party . . . irrevocably submits to the personal and exclusive jurisdiction of such [Manhattan] courts . . . ." The agreement further provided, however, that any actions with respect to the agreement "may be litigated" in Manhattan. It appears that the issue concerning the effect of the permissive term "may" in a forum selection clause is one of first impression in New York State courts. The issue was presented in *AGR Fin., L.L.C. v Ready Staffing, Inc.* (99 F Supp 2d 399, 400 [2000]), where the agreement specified that "ANY LEGAL ACTION . . . WITH RESPECT TO THIS AGREEMENT . . . MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK IN THE CITY OF NEW YORK OR OF THE UNITED STATES OF AMERICA FOR THE SOUTHERN DISTRICT OF NEW YORK . . . ." The District Court for the Southern District of New York concluded that

"[t]he use of the word 'may' does not negate the mandatory nature of the forum selection clause. All it does is make clear that it is up to [the plaintiff] whether it will enforce the clause by bringing suit in either the New York state or federal forum. [The plaintiff] is not compelled to bring suit in either forum but once it chooses to do so, its decision is binding. Furthermore, the use of the word 'courts' does not negate the exclusivity of jurisdiction in the chosen forum once [the plaintiff] makes its election. It simply indicates that jurisdiction will lie only in the court that [the plaintiff] selects" (*id.* at 402).

The forum selection clause before the District Court in *AGR Fin., L.L.C.* is similar to the one at issue here, and we also conclude that the use of the phrase "*may* be litigated in any federal or state court of competent jurisdiction located in the Borough of Manhattan" (emphasis added) does not negate the mandatory nature of the forum selection clause. Indeed, that phrase merely makes clear that the party commencing an action may choose whether to litigate the action in either federal or state court in Manhattan. That is the extent of the party's choice. The phrase in the agreement otherwise requires the parties thereto to submit to the personal and exclusive jurisdiction of one or the other of the Manhattan courts identified.

We have considered plaintiff's remaining contentions and conclude they are without merit.

Accordingly, we conclude that the order should be affirmed.

GORSKI, J.P., MARTOCHE, LUNN and PINE, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.