22-2803-cv
*Flextronics Da Amazonia Ltda., et al v. CRW Plastics USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-three.

PRESENT:
>  RICHARD C. WESLEY,
>  JOSEPH F. BIANCO,
>  EUNICE C. LEE,
>  _Circuit Judges._

_____

Flextronics Da Amazonia Ltda., Flextronics Tecnologia Do Brasil Ltd., Flextronics Industries Singapore Ltd.,

 _Plaintiffs-Appellants_,

 v. 22-2803-cv

CRW Plastics USA, Inc.,

 _Defendant-Appellee_.

_____

FOR PLAINTIFFS-APPELLANTS: EMILY J. MATHIEU, Thompson Hine, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Flextronics Da Amazonia Ltda., Flextronics Tecnologia Do Brasil Ltd., and Flextronics Industries Singapore Ltd.[1] (collectively, "Flextronics") appeal the district court's order, entered on October 3, 2022, denying their motion for default judgment and *sua sponte* dismissing their complaint without prejudice due to lack of personal jurisdiction over Defendant-Appellee CRW Plastics USA, Inc. ("CRW USA").[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

In September 2018, Flextronics entered into an Asset Purchase and Sale Agreement and Other Covenants (the "Purchase Agreement") with non-party buyers 4C Force Holding A.S. and MC Indústria de Plásticos da Amazônia Ltda., and with CRW USA and CRW Indústria e Comércio de Plásticos Ltda. as guarantors. The Purchase Agreement primarily concerns the sale of certain assets relating to Flextronics' manufacturing facility in Brazil to the non-party buyers, and is

---

[1] Flextronics Da Amazonia Ltda. is a limited liability company organized under the laws of Brazil, with its principal place of business in Brazil; Flextronics Tecnologia Do Brasil Ltd. is incorporated and has its principal place of business in the Cayman Islands; and Flextronics Industries Singapore Ltd. is incorporated and has its principal place of business in Singapore.

[2] CRW USA is incorporated and has its principal place of business in Michigan.

"governed by and construed in accordance with the laws of the Federative Republic of Brazil." App'x at 46. Additionally, the Purchase Agreement states that any disputes arising out of the agreement "shall be submitted to arbitration according to the Arbitration Rules of the *Centro de Arbitragem e Mediação da Câmara de Comércio Brasil – Canadá ('CAM-CCBC')*, pursuant to Brazilian Arbitration Legislation (*Lei* 9.307/96)." *Id.* CRW USA, owner of the non-party purchasers, agreed to guarantee the buyers' obligations under the Purchase Agreement and a separate lease agreement.

CRW USA then entered into the Parent Guaranty with Flextronics on November 1, 2018, to "absolutely, irrevocably and unconditionally guarantee[] to [Flextronics] the timely payment, when due, of . . . the Purchasers' obligation to pay any amount due to [Flextronics] . . . [and] Purchasers' obligation to pay [Flextronics] the Purchase Price . . . ." App'x at 84. Section 4 of the Parent Guaranty contains an exclusive remedy clause which states: "This Guaranty shall be the sole and exclusive remedy available to [Flextronics] . . . against [CRW USA] in connection with the Obligations. All claims by [Flextronics] . . . against [CRW USA] shall be made in accordance with and shall be subject to the terms and conditions of this Guaranty and with respect to the Indemnification Obligations, Section 9 of the Purchase Agreement, including the limitations set forth in Section 9.7 of the Purchase Agreement." *Id.* at 86. The Parent Guaranty also contains a governing clause which states that:

> THIS GUARANTY SHALL BE IN ALL RESPECTS GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICTS OF LAWS. ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY MAY BE BROUGHT IN ANY COURT LOCATED IN NEW YORK CITY, STATE OF NEW YORK, UNITED STATES OF AMERICA, AND EACH OF PARENT AND THE SELLERS IRREVOCABLY SUBMITS TO THE

3

EXCLUSIVE JURISDICTION OF EACH SUCH COURT IN ANY SUCH PROCEEDING, WAIVES ANY OBJECTION IT MAY HAVE TO VENUE OR TO CONVENIENCE OF FORUM, AGREES THAT ALL RELATED CLAIMS SHALL BE HEARD AND DETERMINED ONLY IN ANY SUCH COURT AND AGREES NOT TO BRING ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY IN ANY OTHER COURT.

*Id.* at 88.

Flextronics alleges that the non-party buyers failed to make payments under the lease agreement, and that Flextronics provided CRW USA with notice of this failure. CRW USA, according to Flextronics, was obligated and failed to make payments on the non-party buyers' behalf under the Parent Guaranty, because both they and CRW USA "intended and agreed that CRW USA would guaranty Purchasers' performance under the Lease Agreement." *Id.* at 21.

On April 30, 2021, Flextronics filed a complaint against CRW USA in the Southern District of New York, asserting claims for breach of contract, attorneys' fees, and costs of recovery pursuant to the Parent Guaranty; reformation of the Parent Guaranty to reflect the parties' actual agreement; and a judgment declaring that Flextronics is entitled to recover all such amounts from CRW USA. Although CRW USA was served with process on May 6, 2021, and there is evidence that it had actual notice of this litigation, it has not answered or otherwise filed a response to Flextronics' complaint or appeared in the litigation. On July 23, 2021, a certificate of default was entered by the Clerk of Court against CRW USA and, on March 16, 2022, Flextronics filed a default judgment motion. CRW USA did not file an opposition.

On October 3, 2022, the district court issued an opinion and order denying the default judgment and dismissing the complaint *sua sponte* without prejudice due to lack of personal jurisdiction. *See Flextronics Da Amazônia Ltda. v. CRW Plastics USA, Inc.*, No. 21 Civ. 3863,

2022 WL 4780804, at *4 (S.D.N.Y. Oct. 3, 2022). Specifically, the district court held that the forum selection clause in the Parent Guaranty was permissive and thus did not constitute consent by CRW USA to personal jurisdiction in a New York court. *Id*. Accordingly, the district court denied the default motion and dismissed the complaint without prejudice to renew in the United States District Court in Detroit, Michigan, which it concluded is the only judicial district in which CRW USA is subject to personal jurisdiction. *Id*. This appeal followed.[3]

## DISCUSSION

Flextronics asserts that the district court, in denying the default judgment and *sua sponte* dismissing the complaint, erroneously held that the forum selection clause in the Parent Guaranty was permissive. We agree. As set forth below, we conclude that the forum selection clause is mandatory and provided a basis for personal jurisdiction over CRW USA in New York as to the claims asserted in this case.

A district court may raise the issue of personal jurisdiction *sua sponte* before entering a default judgment against an absent defendant. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213–14 (2d Cir. 2010).[4] "We review district court decisions on personal jurisdiction for clear error on factual holdings and *de novo* on legal conclusions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (internal quotation marks and citations

---

[3] Flextronics also filed a motion for reconsideration in the district court. On May 12, 2023, the district court denied the reconsideration motion.

[4] Although we have held that a district court *may* raise personal jurisdiction *sua sponte* in the context of a default judgment, we have left open whether the court *must* address that issue. *See Sinoying Logistics Pte Ltd.*, 619 F.3d at 213 n.7 ("We need not—and explicitly do not—address here whether a district court *must* investigate its personal jurisdiction over defendant before entering a default judgment. We leave that issue for another day and hold only that a court *may* raise personal jurisdiction *sua sponte* when a defendant has failed to appear.").

5

omitted). Here, because the district court denied the default motion and dismissed the complaint "based on a purely legal matter of contractual interpretation"—namely, whether the forum selection clause in the contract was framed in mandatory or permissive terms—we review that determination *de novo*. *See Rabinowitz v. Kelman*, 75 F.4th 73, 82 (2d Cir. 2023).

In *Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007), we set forth a four-part framework for determining whether to dismiss a claim based on a forum selection clause:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.

> If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Id*. at 383–84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (other internal citations omitted).

Although "federal law should be used to determine whether an otherwise mandatory and applicable forum clause is enforceable under *Bremen*, i.e., step four in our analysis," *Phillips*, 494 F.3d at 384, we generally apply the body of law selected by the parties to govern their agreement in an otherwise valid choice-of-law clause "[i]n answering the *interpretative* questions posed by parts two and three of the four-part framework," *Martinez v. Bloomberg LP*, 740 F.3d 211, 217–18 (2d Cir. 2014). Therefore, as here, where "we are called upon to determine whether a particular

6

forum selection clause is mandatory or permissive, . . . we apply the law contractually selected by the parties." *Id*. at 218 (citation omitted).

The Parent Guaranty specifies that it is governed by New York law. Under New York law, "a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself." *MHR Cap. Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645 (2009). Consistent with our precedent under federal law, New York courts have made clear that "[t]he general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Fear & Fear, Inc. v. N.I.I. Brokerage, L.L.C.*, 50 A.D.3d 185, 187 (4th Dep't 2008) (quoting *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52 (2d Cir. 1994)); *see also Aguas Lenders Recovery Grp. LLC v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009) ("[W]here parties contract to a so-called permissive forum selection clause, that is, one that designates a forum in advance, but does not preclude a different choice, the *M/S Bremen* presumption of enforceability does not apply." (citation omitted)).

The district court concluded that the forum selection clause in the Parent Guaranty was permissive "because it hangs on the governing words 'may be'" and "[t]he phrase 'may be' does not carry with it mandatory force, especially when it is not used in reference to a particular location." *Flextronics Da Amazônia Ltda.*, 2022 WL 4780804, at *4. To be sure, the use of the phrase "may be" in a forum selection clause can indicate that the clause is permissive. *See, e.g., Blanco v. Banco Indus. De Venezuela, S.A.*, 997 F.2d 974, 976, 979 (2d Cir. 1993) (holding that forum selection clause stating that disputes "*may be brought* in the High Court of Justice in

7

England, the Courts of the State of New York, the Courts of the United States of America in New York or the Courts of the City of Caracas, Venezuela" was a permissive consent-to-jurisdiction provision). However, consistent with our precedent, New York courts have repeatedly held that a facially permissive forum selection clause becomes mandatory when combined with other language of exclusivity in the contractual provisions, such as a waiver of venue and forum objections by the parties. *See, e.g.*, *Trump v. Deutsche Bank Tr. Co. Ams.*, 65 A.D.3d 1329, 1330–32 (2d Dep't 2009) (holding forum selection clause was mandatory, notwithstanding the use of the phrase "may . . . be instituted in any federal or state court in New York County, New York" where the clause also contained a waiver of venue and forum objections and an irrevocable submission to the jurisdiction of any such court); *Fear & Fear, Inc.*, 50 A.D.3d at 186–87 (holding forum selection clause was mandatory, notwithstanding the phrase "may be litigated," where parties submitted to the "exclusive jurisdiction" of Manhattan courts and waived "any objection that any such court is an improper or inconvenient forum"); *Babcock & Wilcox Co. v. Control Components*, 161 Misc. 2d 636, 643 (N.Y. Sup. Ct. 1993) (holding forum selection clause was mandatory, even though parties merely agreed to the jurisdiction of New York, where parties also waived other requirements as to personal jurisdiction or venue).

Here, although the forum selection clause in the Parent Guaranty states that legal actions arising from the Guaranty "may be brought" in any court located in New York City, the clause also contained an irrevocable submission to the exclusive jurisdiction "of each such court" for all claims "arising out of or relating to this Guaranty," and a waiver of venue and forum objections. App'x at 88. We conclude that the forum selection clause, combined with the waiver of venue and forum objections, constitutes a mandatory forum selection clause under New York law that is

8

entitled to a presumption of enforceability. As the Fourth Department explained in holding that an analogous forum selection clause was mandatory:

> [W]e . . . conclude that the use of the phrase "*may* be litigated in any federal or state court of competent jurisdiction located in the Borough of Manhattan" does not negate the mandatory nature of the forum selection clause. Indeed, that phrase merely makes clear that the party commencing an action may choose whether to litigate the action in either federal or state court in Manhattan. That is the extent of the party's choice. The phrase in the agreement otherwise requires the parties thereto to submit to the personal and exclusive jurisdiction of one or the other of the Manhattan courts identified.

*Fear & Fear, Inc.*, 50 A.D.3d at 188.

We reached the same conclusion in *Aguas* in analyzing a contract with similar language. Specifically, in *Aguas*, one of the contracts at issue contained "a New York choice of law provision, a forum selection clause providing that 'any legal action . . . *may be* brought in the courts of the State of New York or of the United States of America for the Southern District of New York,' a *forum non conveniens* waiver, and a provision binding successors." 585 F.3d at 698 n. 2 (first emphasis added). We explained that "[w]e need not decide whether the forum selection clauses . . . are, standing alone, mandatory or permissive," because the contract "contains a waiver of any claims of *forum non conveniens* in addition to the forum selection clause" and "[t]he combination of these clauses amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum." *Id.* at 700. In other words, where there is "unambiguous language providing that [a party] shall not object to venue on the ground of inconvenient forum," this is dispositive and thus there is "no reason to engage in further inquiry as to the mandatory or non-mandatory nature of the forum selection clauses standing alone." *Id.* (alterations adopted) (internal quotation marks and citation omitted).

9

Here, like in *Fear & Fear* and *Aguas*, the Parent Guaranty contains unambiguous language that the parties "waive any objection [they] may have to venue or to convenience of forum," App'x at 88, and thus there is "no reason to engage in further inquiry" as to whether aspects of the forum selection clause, including the use here of the phrase "may be brought," could be interpreted as permissive standing alone. *Aguas*, 585 F.3d at 700. Accordingly, the forum selection clause at issue here is mandatory.[5]

Although the district court did not reach the other requirements under our four-part framework for the enforceability of a forum selection clause, there is nothing in the record to suggest that any of those other requirements are lacking with respect to the forum selection clause in the Parent Guaranty. First, the forum selection clause was printed in capital letters in a written agreement that CRW USA executed, and there is no evidence to suggest that it was not reasonably communicated to CRW USA. Second, the forum selection clause covers the claims and parties here as it explicitly states that the agreement is between CRW USA and Flextronics, and that it

---

[5] The district court additionally noted that the forum selection clause in the Parent Guaranty merely provided "New York as an alternative to [the Purchase Agreement], which calls for all disputes to be arbitrated in Brazil, where the transactions were conducted." *Flextronics Da Amazônia Ltda.*, 2022 WL 4780804, at *4. We find that this was error. Although the Purchase Agreement states that claims under that Agreement must be arbitrated in Brazil, it does not govern the Parent Guaranty, which states that it is the "sole and exclusive remedy available to [Flextronics] against [CRW USA]." App'x at 86. Indeed, it is the Parent Guaranty that Flextronics' complaint seeks to enforce and reform. Moreover, while the Parent Guaranty makes clear that all claims against CRW USA "shall be made in accordance with and shall be subject to the terms of conditions of this Guaranty and with respect to the Indemnification Obligations, Section 9 of the Purchase Agreement, including the limitations set forth in Section 9.7 of the Purchase Agreement," *id.*, it noticeably does not refer to the governing law or dispute resolution provisions set forth in Sections 11.12 and 11.13 of the Purchase Agreement. Finally, as noted *supra*, the Parent Guaranty states that the parties "submit[] to the exclusive jurisdiction of each such court" and may "not bring any proceeding arising out of or relating to this Guaranty in any other court." *Id.* at 88 (capitalization omitted). In this context, the language in the Purchase Agreement cited by the district court does not undermine the mandatory nature of the forum selection clause for claims, as asserted here by Flextronics against CRW USA, arising from the Parent Guaranty.

covers "any proceedings arising out of or relating to th[e] Guaranty." App'x at 88. Thus, on this record, the forum clause is presumptively enforceable. *See Phillips*, 494 F.3d at 383–84. This presumption may be rebutted if "enforcement would be unreasonable or unjust, or . . . the clause was invalid for such reasons as fraud or overreaching." *Id*. at 383–84 (internal quotation marks and citation omitted). We find nothing in the current record to suggest that enforcement of the forum selection clause here is either unreasonable or unjust, or that there has been fraud or overreaching by Flextronics.

In sum, the district court erred in denying the motion for default and dismissing the case for lack of personal jurisdiction.

*       *       *

For the foregoing reasons, we **VACATE** the order of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court