■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Respondent, v MARTIN WEIR, Appellant.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered July 30, 1986, which denied defendant's motion to dismiss the action pursuant to CPLR 3211 (a) (8) and (4) or in the alternative to stay the action until the resolution of a lawsuit pending in the State of Texas or to dismiss the action pursuant to CPLR 327 on the ground of forum non conveniens, is unanimously modified, on the law and facts and in the exercise of discretion, solely to the extent of granting defendant's motion for a stay of the instant action pending resolution of the Texas action, and otherwise affirmed, without costs or disbursements.

Defendant is a Texas resident who purchased two limited partnership units in Emerald Park Apartments, Ltd., a Texas limited partnership owning and operating an apartment complex in Texas. Defendant paid $5,000 in cash and executed a promissory note payable to Emerald Park for $92,500 for the balance of the purchase price. Pursuant to a financial guarantee bond, plaintiff National Union guaranteed the payment of the note and defendant executed a pledge and indemnification agreement in favor of National Union, which provided, *inter alia:* "13. The undersigned hereby agrees that the Application and this Indemnification and Pledge agreement shall be deemed to have been executed in the State of New York, and the rights and liabilities of the parties hereto shall be determined in accordance with the laws of the State of New York. Any action or proceeding of any kind against the undersigned arising out of or by reason of this Indemnification and Pledge Agreement may be brought in any state or federal court of competent jurisdiction in any County in the State of New York, in addition to any other court in which such action might properly be brought."

Thereafter, defendant defaulted on the first payment due under the note and plaintiff was required to pay the amount of $6,363.49 to the assignee, LaSalle National Bank, in Texas. This action seeks reimbursement from defendant for that payment.

Defendant is a sophisticated investor who must be presumed to have read all the documents including the provision allowing "[a]ny action arising out of * * * th[e] Indemnification and Pledge Agreement [to] be brought in any state or federal court of competent jurisdiction in any County in the State of New York". As we have previously observed in an action involving a forum selection clause, "[i]n the absence of a showing of contrary public policy, or fraud, or mistake, the meeting of the minds expressed in the contract should ordinarily be enforced" *(Young & Co. v Leong,* 53 AD2d 515, 516, *appeal dismissed* 40 NY2d 984; *see also, The Bremen v Zapata Off-Shore Co.,* 407 US 1). The Supreme Court, therefore, correctly denied the motion to dismiss on the ground of lack of jurisdiction over the person of defendant and forum non conveniens.

That court found "no substantive allegations with respect to National Union in the original and amended Texas petitions." However, there is an allegation in that Texas action that National Union was on actual notice of an impairment by the general partners of the collateral securing these and the other promissory notes and, nevertheless, made payments of princi-

pal and interest on the notes to the LaSalle National Bank. In addition, there is an allegation that plaintiff National Union had knowledge through its agents, the general partners, that the project was in severe and desperate financial condition. Moreover, the limited partners in the Texas action seek estoppel of any recovery by National Union of amounts paid by it on the notes. We note, moreover, that National Union entered a general denial in the Texas lawsuit and engaged Texas counsel to litigate the claims against it in that action, which was commenced before the New York action. Pursuant to the Texas Rules of Civil Procedure, National Union could have made a "Special Appearance" to object to jurisdiction, but did not do so.

National Union is already actively appearing in the Texas action, where defendant Weir's obligation to pay the promissory note which underlies National Union's surety is a contested issue. We find, therefore, that convenience and judicial economy would be better served if National Union's claim against Weir were filed as a counterclaim in the Texas action, and grant defendant's motion to stay this action for that purpose. Concur—Sandler, J. P., Carro, Asch, Milonas and Rosenberger, JJ.