■ EILEEN DI RUOCCO, Appellant, v FLAMINGO BEACH HOTEL & CASINO, INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 8, 1989, as denied her motion to dismiss the third affirmative defense

asserted by the defendants Flamingo Beach Hotel and Dive Bonaire (sued herein as Flamingo Beach & Casino, Inc., Flamingo Beach Hotel Dive Bonaire, Peter Hughes Diving, Inc., and Peter Hughes Dive Bonaire), and granted the defendants' cross motion to dismiss the complaint on the basis of a forum selection agreement.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On September 20, 1986, the plaintiff traveled to the Caribbean island of Bonaire for a scuba diving vacation. Before she was permitted to participate in diving activities on the following morning, the defendants Flamingo Beach Hotel and Dive Bonaire asked her to complete and sign a "standard" preprinted form agreement. This form required the plaintiff to answer several questions concerning her previous diving experience and health, and included a provision that "[a]ll claims against the company arising under this agreement shall be determined according to the laws of the Netherlands Antilles and of the Island of Bonaire and shall be adjudicated in the courts of Bonaire to the exclusion of all other courts". According to the defendants, this agreement is patterned after a form developed by the Professional Divers Association, and is a standard contract in use at virtually all diving resorts.

Several days after signing the agreement, the plaintiff sustained a knee injury when she slipped and fell while disembarking from one of the resort operation's dive boats. Upon her return to New York, the plaintiff commenced this action in the Supreme Court, Westchester County, to recover damages for negligence. As a third affirmative defense to the action, the defendants Flamingo Beach Hotel and Dive Bonaire asserted that the courts of Bonaire have exclusive jurisdiction to adjudicate the plaintiff's claim by virtue of the forum selection clause contained in the form agreement. The plaintiff thereafter moved to dismiss the defendants' third affirmative defense, and the defendants' cross-moved, *inter alia*, to dismiss the complaint based upon the forum selection clause. The Supreme Court subsequently upheld the forum selection clause and dismissed the action.

Although courts have traditionally been reluctant to enforce forum selection agreements on the theory that such provisions may improperly divest a court of jurisdiction *(see, Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336), it is now well established that such agreements should be enforced "absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair or that their en-

forcement would contravene some strong public policy of the forum" *(Koch Erecting Co. v New York Convention Center Dev. Corp.,* 656 F Supp 464, 467, *affd* 838 F2d 656; *see also, Bense v Interstate Battery Sys.,* 683 F2d 718, 721-722; *National Union Fire Ins. Co. v Weir,* 131 AD2d 380; *Rokeby-Johnson v Kentucky Agric. Energy Corp., supra).* Absent a strong showing that it should be set aside, a forum selection agreement will control *(see, The Bremen v Zapata Off-Shore Co.,* 407 US 1, 12; *Koch Erecting Co. v New York Convention Center Dev. Corp., supra).* We conclude that the plaintiff has made no such "strong showing" that the agreement was a product of over-reaching or was unreasonable, or that its enforcement would be unjust *(see, Seward v Devine,* 888 F2d 957, 962; *Hollander v K-Lines Hellenic Cruises,* 670 F Supp 563). In this regard, we note that it is uncontroverted that the plaintiff, as an experienced diver with more than 300 dives to her credit, was familiar with the standard agreement she was required to sign in order to dive at the defendants' resort. Moreover, in view of the fact that the accident occurred in Bonaire, the selection of that country as a forum for litigation under the agreement was not unreasonable *(see, Hollander v K-Lines Hellenic Cruises, supra).* Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.