■ BRITISH WEST INDIES GUARANTY TRUST CO., LTD., et al., Appellants, v BANQUE INTERNATIONALE A LUXEMBOURG et al., Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about May 11, 1990, which, *inter alia,* granted defendants' motion to dismiss the complaint without prejudice to its recommencement in the proper forum of the District Courts of and in Luxembourg, unanimously affirmed, with costs and disbursements.

It is well-accepted policy that forum-selection clauses are *prima facie* valid. In order to set aside such a clause, a party must show that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court. *(The Bremen v Zapata Off-Shore Co.,* 407 US 1, 12-18; *Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336, 339-341; *Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270.) The contractual provision in this case, designating Luxembourg as the venue for any disputes, is clear and unambiguous. Plaintiffs do not allege any fraud with respect to the jurisdictional provision itself. *(See, Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d, *supra,* at 341.) Nor is there any evidence of overreaching; the allegations that plaintiff Grace Sanchez Brownlow, the signatory to the contract, did not read the provision, or that it was not brought specifically to her attention are of no avail, since, as a signatory to the contract, she is presumed to know the contents of the instrument she signed and to have assented to such terms. *(See, Imero Fiorentino Assocs. v Green,* 85 AD2d 419, 420.)

We have considered plaintiffs' remaining arguments and find them to be unpersuasive. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Smith, JJ.