■ Banco do Commercio e Industria de Sao Paolo S.A., Respondent, v Esusa Engenharia e Construcoes S.A. et al., Appellants.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 18, 1990, which

denied defendants' motion to dismiss plaintiff's complaint, unanimously affirmed, without costs.

The individual defendants herein, citizens of Brazil, unconditionally agreed to guarantee payment of a promissory note executed by a now bankrupt Brazilian corporation, defendant Esusa Engenharia e Construcoes S.A. On this appeal, defendants argue that the New York courts lack personal jurisdiction over them and therefore may not adjudicate the action on the guarantee.

It is well settled that parties to an agreement may consent to submit to the jurisdiction of a court which would otherwise not have personal jurisdiction over them. *(Biener v Hystron Fibers,* 78 NY2d 162.) Defendants unequivocally consented, in a 1978 agreement, that any action to enforce their obligations under the guarantee could be brought in any state or federal court sitting in the City of New York, and that the agreement would be governed and construed in accordance with the laws of New York. The record does not support defendants' claims that the 1983 note gave rise to a novation which superceded the jurisdictional provisions of the earlier agreement.

Moreover, the legislature has specifically expressed its willingness that the courts of this state exercise jurisdiction over cases such as the one at hand. *(See,* General Obligations Law § 5-1402.) Thus, defendants, having agreed not only to submit to New York jurisdiction but to be governed by New York law, may not now argue that this action should be dismissed on the grounds that it is unduly burdensome to the court.

With respect to their claim of defective service, defendants admit that they were served with process in Brazil in accordance with the requirements of CPLR 308, and the papers submitted in support of the motion fail to rebut the affidavit of the process server, asserting that, as an officer of the court in Brazil, he was authorized to effect service of process.

The remaining arguments have been considered and found to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.