■ MINDY HIRSCHMAN, Appellant, v NATIONAL TEXTBOOK COMPANY, Respondent.—In an action to recover damages for breach of contract and fraud, the plaintiff appeals from a order of the Supreme Court, Westchester County (Facelle, J.), entered May 14, 1990, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Prior to June 27, 1988, the plaintiff accepted the defendant's offer to become a commissioned representative of the defendant in Connecticut beginning September 1, 1988. By letter dated June 27, 1988, Charles Leibowitz, a Vice President of Marketing in the defendant's employ, confirmed the parties' understanding and enclosed for the plaintiff's review an unsigned copy of the defendant's Commission Representative Agreement which included all the material terms of their agreement. The Commission Representative Agreement also contained a provision stating that "[a]ny action or proceeding to enforce or interpret this Agreement or any terms or provisions hereof shall be brought in the Courts of the State of Illinois, County of Cook, or the Federal District Court for the Northern District of Illinois". It also contained a clause indicating that the agreement was retroactive to September 1,

1988. The letter dated June 27, 1988, indicated that the defendant could not give the plaintiff a completed copy of the agreement until after the plaintiff commenced work. On September 1, 1988, the plaintiff commenced working for the defendant. On December 15, 1988, the plaintiff received a completed copy of the Commission Representative Agreement. On January 10, 1989, the plaintiff signed the agreement. On March 8, 1989, the defendant served the plaintiff with a discharge notice.

The plaintiff contends that the Supreme Court erred in dismissing the complaint based on the forum selection clause. We disagree. It is now well settled that forum selection clauses are prima facie valid. In order to set aside such a clause, a party must show either that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the forum set in the contract would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court *(see, Bremen v Zapata Off-Shore Co.,* 407 US 1, 12-18; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,* 172 AD2d 234; *Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270, 271-272; *Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336, 339-341). Absent a showing that it should be set aside, a forum selection clause will control *(see, Bremen v Zapata Off-Shore Co., supra,* at 12; *Di Ruocco v Flamingo Beach Hotel & Casino, supra,* at 272). We conclude that the plaintiff failed to make a sufficient showing that the clause was a product of overreaching or was unreasonable, or that its enforcement would be unjust *(see, Di Ruocco v Flamingo Beach Hotel & Casino, supra,* at 272).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.