■ VOR ASSOCIATES, Appellant, v ONTARIO AIRCRAFT SALES AND LEASING, INC., Respondent. [603 NYS2d 601] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 31, 1992 in Albany County, which, upon renewal, granted defendant's motion to dismiss the complaint.

This action arises out of a guaranty agreement wherein defendant agreed to guarantee the performance of its wholly owned subsidiary HLS Karlsonne Corporation, which had entered into a lease/purchase agreement with plaintiff for an airplane. Under the terms of the agreement, the parties "irrevocably" designated any New York or Federal court sitting in Albany as the forum for any action arising out of the agreement.

Plaintiff also brought an action against HLS for the alleged breach of the lease/purchase agreement, which was dismissed by Supreme Court for lack of subject matter jurisdiction based on the fact that the lease/purchase agreement vested exclusive jurisdiction over all disputes arising out of it in the courts of the Province of Ontario, Canada. Thereafter, defendant's motion to dismiss plaintiff's complaint in the instant action pursuant to CPLR 327 was granted by Supreme Court on the ground that defendant was entitled to the preclusive effect of the order granting HLS' motion to dismiss plaintiff's complaint in the other action.

Collateral estoppel applies when the issue in the subsequent action is identical to the issue in the prior action and was

necessarily decided on the merits, and the parties had a full and fair opportunity to contest the issue in the prior action (see, *Matter of Delford Indus. v New York State Dept. of Envtl. Conservation,* 171 AD2d 941). Clearly, the issue of whether New York is the appropriate forum for this action was not determined in the prior action. Thus, Supreme Court erred in predicating its decision on the doctrine of collateral estoppel.

It is well established that forum selection clauses are valid absent a showing that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching (see, *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg,* 172 AD2d 234; *Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270; *National Union Fire Ins. Co. v Weir,* 131 AD2d 380). As defendant has not made such a showing, its motion to dismiss predicated upon CPLR 327 should be denied.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.