■ In the Matter of FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent, v RUDRA ALTMAN et al., Appellants. [618 NYS2d 286] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 5, 1993, which denied defendants' motion to dismiss the complaint on the grounds of lack of personal jurisdiction and forum non conveniens, unanimously affirmed, with costs.

Forum selection clauses are prima facie valid and will not be set aside except for fraud or overreaching or if enforcement would be so unreasonable and unjust as to make a trial in the selected forum "so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" *(British W. Indies Guar. Trust Co. v Banque Internationale,* 172 AD2d 234). Defendants make no such showing here. There is certainly no indication of fraud or overreaching, and it does not avail defendants that the clause was contained in a form agreement and never brought to their attention, or that they may not have been in bargaining parity with plaintiff *(see, supra; Carnival Cruise Lines v Shute,* 499 US 585). That most of the defendants neither reside nor work in New York does not necessarily make New York an unreasonable and unjust forum, and indeed the distance between Connecticut, defendants' preferred forum, and New York poses no more than a minor inconvenience. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.