■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Respondent, v R. RICHARD WILLIAMS, Appellant. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v ROBERT CHRISTOPHER ASSOCIATES et al., Appellants. [637 NYS2d 36] —Orders, Supreme Court, New York County (Walter Schackman, J.), entered on or about November 14, 1994, which denied defendants' motions to dismiss the complaints on the ground of, *inter alia*, lack of personal jurisdiction, unanimously modified, on the law and the facts, to the extent of dismissing the first cause of action with leave to commence an action in the designated forum and, except as so modified, affirmed, without costs.

Plaintiff National Union Fire Insurance provided a bond to Franklin Cimarron Pointe Associates, a failed real estate limited partnership, guarantying the payment of promissory notes given to its lender by defendant investors. On June 15, 1984, defendants signed indemnification agreements with plaintiff insurer, agreeing to repay plaintiff for any amount it might be required to pay under the bond. The promissory notes contemporaneously executed contain choice of law and selection of forum clauses that exclusively designate Pennsylvania as the forum for litigation of disputes. The indemnification agreements, however, recite that they are governed by the law of New York and that any litigation arising out of the agreements may be brought in this jurisdiction, in addition to any other forum in which the action may be prosecuted.

Upon defendants' default in payment on the promissory notes, plaintiff, as guarantor of payment, disbursed funds to

the holder of the notes. This action seeking to recover damages against defendants ensued. The complaint dated February 28, 1994 states four causes of action, seeking: (1) recovery as the subrogee of the rights of the holder in due course of the notes, (2) specific performance of the indemnification agreement (although nothing contained in the complaint suggests a basis for equitable relief), (3) damages for breach of the indemnification agreement and, (4) foreclosure and sale of plaintiff's security interest in defendants' limited partnership interests in Franklin Cimarron Pointe Associates. In the orders under review, Supreme Court denied defendants' motions in their entirety, rejecting the contention that the indemnification agreement and the notes constitute a single contract, and upheld the forum selection clause contained in the indemnification agreements. The court further decided that defendants' forum non conveniens argument is unsubstantiated and found that the court has acquired personal jurisdiction over defendants (CPLR 3212 [g]).

On appeal, defendants repeat their argument that, because the notes and the indemnification agreements were executed contemporaneously, they should be read together. Defendants therefore conclude that the forum provision of the notes should be given effect over the contradictory provision of the indemnification agreements.

The approach urged by defendants is without foundation in either law or logic. While the respective agreements are unquestionably part of the same overall transaction, each involves different parties and serves a distinct purpose. As a general rule, contracts remain "separate unless the history and subject matter shows them to be unified" (*Ripley v International Rys.*, 8 NY2d 430, 438). "In determining whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances" (*Rudman v Cowles Communications*, 30 NY2d 1, 13).

It bears emphasis that plaintiff's involvement in the subject transaction is peripheral, even with respect to the related financing obtained from the lender pursuant to the notes. Plaintiff is merely the guarantor of payment on the notes, an obligation that runs only nominally to the limited partnership, which procured the bond, and ultimately to the holder in due course (which, at this juncture, is neither the limited partnership nor its lender). The choice of different law to be applied to each contract and the designation of a different forum for the litigation of disputes arising out of its performance indicate that the respective agreements are intended to be separate.

Finally, if the choice of law and selection of forum provisions of the notes were to be adopted, as defendants suggest, the contradictory provisions of the indemnification agreement would be rendered mere surplusage, a result that offends a fundamental principle of contract interpretation (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196).

According the respective contracts their appropriate place in the overall transaction, it is apparent that, in exacting the indemnification agreements from defendants, plaintiff bargained for the right to proceed directly against the purchasers of the limited partnership interests as a condition of providing the bond to secure repayment of their obligations under the notes. As a matter of long established law, the covenants of an agreement are dependent (*Kingston v Preston*, Lofft 194 [KB 1773], cited in *James v Bradley*, 2 Doug 684, 99 Eng Rep 437; Calamari and Perillo, Contracts § 146, at 235), and the obligation to bond payment on the notes undertaken by plaintiff is therefore construed as dependent upon defendants' indemnification of any payment made under the bond. Not surprisingly, the indemnification and pledge agreements signed by defendants recite as much at their inception.

Defendants do not allege that their assent to indemnify plaintiff was obtained by fraud. Defendants obviously derived a benefit from the guarantee of their credit and, given plaintiff's peripheral involvement in the transaction, they will not be heard to belatedly complain that the indemnification agreements are tainted by illegality (*McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 471 ["There must at least be a direct connection between the illegal transaction and the obligation sued upon"]). Defendants' avowed belief "that the evidence will establish that * * * the plaintiff aided and abetted the fraud perpetrated * * * by providing a financing mechanism which they knew or reasonably should have known was being used to prop up a bogus investment scheme" falls far short of the specificity required to state a defense of fraud (CPLR 3016 [b]). It will certainly not suffice to support dismissal of a pleading (CPLR 3211 [a]), "the operative criterion being that 'a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists' " (*Harris v City of New York*, 147 AD2d 186, 189, quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634; *see also, Arrington v New York Times Co.*, 55 NY2d 433, 442).

It is axiomatic that the very point of a selection of forum clause is to avoid litigation over personal jurisdiction and

disputes over the application of the long-arm statute (CPLR 302 [a]). As this Court recently noted, "It is the policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33, citing *Matter of Smith Barney, Harris Upham & Co. v Luckie*, 85 NY2d 193, 201, *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith*, — US —, 116 S Ct 59). It is settled that a selection of forum clause affords a sound basis for the exercise of personal jurisdiction over a foreign defendant (*e.g.*, *National Union Fire Ins. Co. v Weir*, 131 AD2d 380, 381) and renders the designated forum convenient as a matter of law (*see, VOR Assocs. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639). Forum selection clauses "should be enforced 'absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair or that their enforcement would contravene some strong public policy of the forum' " (*Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 271-272, quoting *Koch Erecting Co. v New York Convention Ctr. Dev. Corp.*, 656 F Supp 464, 467, *affd* 838 F2d 656). Defendants have advanced no grounds upon which this Court might disregard the forum designation contained in the indemnification agreement (*see, Matter of Fidelity & Deposit Co. v Altman*, 209 AD2d 195).

As to plaintiff's first cause of action, brought as subrogee of the holder in due course of the subject notes, the appropriate forum in which to commence that action is the one designated in the instruments. Accordingly, plaintiff's first cause of action should have been dismissed, with leave to commence an action in the designated court should plaintiff deem it advisable. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.