■ BELL CONSTRUCTORS, INC., Appellant, v EVERGREEN CAISSONS, INC., Respondent. [654 NYS2d 80] —Order insofar as ap-

pealed from unanimously reversed on the law with costs, cross motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's cross motion to dismiss the complaint on the ground of forum non conveniens (*see*, CPLR 327). Plaintiff, a New York corporation, alleges in its complaint that defendant, a Colorado corporation, breached its July 1995 agreement to perform work in Aurora, Colorado. In support of its cross motion, defendant alleged that it would suffer considerable economic hardship and loss of business time if compelled to defend the action in New York. Defendant further alleged that it would be inconvenient for the action to proceed in New York because all of its representatives, witnesses and business records are in Colorado and the contract was performed in Colorado.

The contract between the parties provided that "[t]his Agreement shall be construed in accordance with the Laws of the State of New York and shall be enforced only in the Courts of New York." That forum selection clause is prima facie valid and, absent a strong showing that it should be set aside, will be upheld (*see, The Bremen v Zapata Off-Shore Co.*, 407 US 1, 12; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234; *Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 271-272). To set aside that clause, defendant was required to show that "enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, i.e., a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court (*The Bremen v Zapata Off-Shore Co., supra*, at 12-18; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, supra; Di Ruocco v Flamingo Beach Hotel & Casino, supra; Rokeby-Johnson v Kentucky Agric. Energy Corp.*, 108 AD2d 336, 339-341)" (*Price v Brown Group*, 206 AD2d 195, 198). Defendant has failed to show that enforcement would be unreasonable or unjust and has failed to allege that the clause was the result of fraud or overreaching (*see, Hirschman v National Textbook Co.*, 184 AD2d 494, 495; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, supra; Di Ruocco v Flamingo Beach Hotel & Casino, supra*). (Appeal from Order of Supreme Court, Monroe County, Willis, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.