■ 3H ENTERPRISES, Appellant, v THOMAS J. BENNETT et al., Respondents. [715 NYS2d 90] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered January 25, 2000 in Delaware County, which conditionally granted

defendants' motion to dismiss the complaint on the ground of forum non conveniens.

Defendants are retired residents of the State of Florida who hold a note and purchase money mortgage on certain commercial real property located in Sarasota County, Florida. In August 1999, they were contacted by the president of plaintiff, a mortgage brokerage corporation with a principal office in Delaware County, New York, about selling the note and mortgage. Defendants subsequently entered into a written agreement with plaintiff for that purpose. The agreement contained a forum selection provision stating that the agreement was deemed executed in New York and vested the Supreme Court of Delaware County with exclusive jurisdiction over any controversy arising thereunder. When the transaction failed to close, plaintiff commenced this action against defendants in Delaware County, New York, seeking, *inter alia*, liquidated damages. Defendants moved to dismiss the complaint on the ground of forum non conveniens (CPLR 327). Supreme Court conditionally granted the motion resulting in this appeal.

Initially, we note that the doctrine of forum non conveniens "permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that 'in the interest of substantial justice the action should be heard in another forum'" (*National Bank & Trust Co. v Banco De Vizcaya*, 72 NY2d 1005, 1007, *cert denied* 489 US 1067, quoting CPLR 327). It is a discretionary determination which involves a balancing of many factors including, *inter alia*, the potential hardship to the defendant, the availability of an alternative forum, the residency of the parties and the jurisdiction in which the cause of action arose (*see, Islamic Republic v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108; *Markov v Markov*, 274 AD2d 870, 871). While a contractual forum selection clause is prima facie valid (*see, Bell Constructors v Evergreen Caissons*, 236 AD2d 859, 860; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234), it "may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action" (*The Bremen v Zapata Off-Shore Co.*, 407 US 1, 16; *see, Bell Constructors v Evergreen Caissons, supra*, at 860).

In the instant matter, the parties' controversy has no substantial nexus with New York. The property securing the note and purchase money mortgage is located in Florida and the agreement was completely executed in that State. All the parties and witnesses, with the exception of plaintiff's presi-

dent, are located in Florida. Significantly, both defendants are senior citizens who suffer from health problems which make it difficult and inadvisable to travel. In order to facilitate jurisdiction in Florida, they have agreed to admit to service of the complaint and stipulate to procedural matters. Enforcement of the forum selection provision would be unreasonable under the particular circumstances presented and, in light of the substantial contacts with Florida, we cannot say that Supreme Court abused its discretion in granting defendants' motion.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.