PREMIUM RISK GROUP, INC., et al., Appellants, v LEGION INSURANCE COMPANY et al., Defendants, and MUTUAL HOLDINGS (BERMUDA) LTD. et al., Respondents. [741 NYS2d 563] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated January 17, 2001, which granted the motion of the defendants Mutual Holdings (Bermuda) Ltd. and Mutual Indemnity (Bermuda) Ltd., pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action alleging, among other things, breach of a shareholders' agreement. The defendants Mutual Holdings (Bermuda) Ltd. and Mutual Indemnity (Bermuda) Ltd. (hereinafter referred to collectively as the Bermuda defendants), moved to dismiss the complaint insofar as asserted against them on the ground, among others, that a

forum selection clause in the shareholders' agreement and in a deductible reimbursement policy provided that all disputes would be resolved in Bermuda under Bermuda law. The Supreme Court granted the motion, and we affirm.

Contractual forum selection clauses are prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534; *Koko Contr. v Continental Envtl. Asbestos Removal Corp.*, 272 AD2d 585; *Hirschman v National Textbook Co.*, 184 AD2d 494). Enforcement of forum selection clauses provide certainty and predictability in resolving disputes, particularly those involving international business agreements (*see Brooke Group v JCH Syndicate 488, supra*). Here, because the plaintiffs failed to demonstrate any basis for denying enforcement of the clauses, the Supreme Court properly granted the motion of the Bermuda defendants to dismiss the complaint insofar as asserted against them.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.