*20 OPINION OF THE COURT
Per Curiam.
Orders, dated September 8, 2004 and March 28, 2005, affirmed, without costs.
Civil Court properly concluded that the forum selection clause set forth in the electronic America Online, Inc. (AOL) membership agreement, which required that any dispute against AOL be litigated in Virginia, was unenforceable in the limited context of this small claims case. Plaintiff ihade a sufficient showing that enforcement of the forum selection clause in the parties’ “clipwrap” agreement would be unreasonable in that he would be deprived not only of his preferred choice to litigate this $5,000 controversy in the Small Claims Part, but, for all practical purposes, of his day in court (see British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1991]). This is particularly so in view of the costs and inconvenience attendant to litigating this claim in Virginia; the $2,000 monetary limit of the Virginia Small Claims Court (see Va Code Ann § 16.1-122.3), which would preclude plaintiff from seeking the full amount of his $5,000 claim; and perhaps most importantly, defendant’s unqualified right to transfer the matter out of the Virginia Small Claims Court (see Va Code Ann § 16.1-122.4). Enforcement of the forum selection provision in these circumstances would frustrate the stated legislative goal of providing a “simple, informal and inexpensive procedure” for the disposition of small claims (see CCA 1802). Law Offs. of Cory J. Rosenbaum v Gateway, Inc. (4 Misc 3d 128[A], 2004 NY Slip Op 50629[U] [2004]), relied upon by defendant, does not compel a contrary result since it involved the enforceability of a threshold agreement to arbitrate not shown to be onerous or unfair.
McCooe, J.P, Davis and Gangel-Jacob, JJ., concur.