[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1007 
Trinity Automotive Services, Ltd. ("Trinity Automotive"), appeals from the judgment of the Geneva Circuit Court vacating the domesticated judgment it obtained in the Supreme Court of the State of New York, Nassau County, against Medical Supplies, L.L.C. ("Medical Supplies"). Trinity Automotive also petitions for a writ of mandamus directed to the Geneva Circuit Court, ordering that court to give full faith and credit to the New York judgment. We deny the petition and reverse and remand.
On November 9, 2001, Medical Supplies entered into an agreement with Shari Lyn Leasing Corp. for the lease of a 2002 Toyota Avalon. The lease was assigned to Sovereign Bank, which subsequently assigned it to Trinity Automotive. Paragraph 14 of the lease agreement provides in pertinent part:
 "14. Legal Matters: This lease shall be interpreted in accordance with the State of New York and regardless of the order in which the signatures of the parties are affixed, it shall be deemed executed at lessor's place of business designated herein and in the county thereof, in the State of New York; Lessee and any guarantor hereof consent to the jurisdictions of any state or federal court located within the State of New York and agree that all actions or proceedings arising, directly or indirectly, from this lease shall be mitigated only in courts having such situs. . . ."
Medical Supplies defaulted on the lease agreement. Trinity Automotive brought *Page 1008 
suit against Medical Supplies and Robert Lewis[1] in the Supreme Court of New York, Nassau County, to recover $29,530.06, which it alleged was due and owing on the lease, along with interest and costs. On November 19, 2004, after Medical Supplies and Lewis failed to answer Trinity Automotive's complaint or otherwise appear in the action, the New York court entered a default judgment in Trinity Automotive's favor in the amount of $31,124.11.
On May 29, 2005, pursuant to the Uniform Enforcement of Foreign Judgments Act, Ala. Code 1975, § 6-9-230 et seq., Trinity Automotive filed the New York judgment in the Geneva Circuit Court for the purpose of domesticating the judgment and enforcing it in Alabama against Medical Supplies and Lewis. On March 31, 2005, the Geneva Circuit Court entered an order domesticating the New York judgment.
On April 27, 2005, Medical Supplies filed a "Motion to Set Aside and/or Vacate the Judgment," pursuant to Rules 55 and 59, Ala. R. Civ. P. Medical Supplies argued that the New York court lacked in personam jurisdiction over it, and that the judgment the New York court entered was therefore "improperly obtained." Medical Supplies filed a brief in support of its motion, as well as the affidavit of James Anthony Eubanks, who was, at that time, Medical Supplies's sole member.[2] In his affidavit, Eubanks stated:
 "Medical Supplies is a limited liability company organized and existing in Geneva County, Alabama with its principal place of business in Geneva County, Alabama. It is a small company with only the one office in Geneva County, Alabama, and is limited to serving primarily the local area with durable medical equipment. The company has no office, employees, telephone numbers, assets, bank accounts or any other contacts with the State of New York."
Trinity Automotive filed a response to the motion on June 1, 2005. The trial court held a hearing on the motion on June 2, 2005.
On July 7, 2005, the trial court entered a judgment granting Medical Supplies' motion and vacating the domesticated judgment. The trial court found that Medical Supplies did not have contacts with the State of New York sufficient from a due process standpoint, to vest the New York Supreme Court in Nassau County with personal jurisdiction over Medical Supplies and that the forum-selection clause in the lease agreement was unenforceable.
On August 15, 2005, Trinity Automotive filed a petition for a writ of mandamus with this court, seeking an order directing the trial court to enforce the New York judgment. On August 18, 2005, Trinity Automotive filed a notice of appeal. On August 26, 2005, this court consolidated Trinity Automotive's petition and appeal ex mero motu.
Trinity Automotive contends that the trial court erred when it found that the forum-selection clause contained in the lease agreement was unenforceable. According to Trinity Automotive, the facts in *Page 1009 
this case demonstrate that the forum-selection clause, by which Medical Supplies consented to the jurisdiction of New York courts for the resolution of all litigation related to the lease agreement, is fully enforceable and constitutes a waiver of Medical Supplies's due-process rights with regard to personal jurisdiction.
As a threshold matter, we note that, although Medical Supplies filed its motion to set aside or vacate the foreign judgment pursuant to Rules 55 and 59, Ala. R. Civ. P., Medical Supplies did not challenge as flawed the process by which Trinity Automotive domesticated its judgment in the Geneva Circuit Court. Compare Bartlett v. Unistar Leasing,931 So.2d 717, 720-21 (Ala.Civ.App. 2005) (noting similarly that that case was "not a case in which the judgment debtor . . . argue[d] that Rule 59(e) is an appropriate vehicle for relief from a domesticated judgment because the domestication process in the Alabama court was, itself, flawed"). Instead, Medical Supplies' challenge was directed at the underlying New York judgment, specifically whether the New York court had jurisdiction over Medical Supplies. Both our Supreme Court and this court have held that the appropriate procedural mechanism by which to collaterally attack a foreign judgment on the basis that the judgment is void for lack of jurisdiction is by a motion filed pursuant to Rule 60(b)(4). See Ex parte Lyon Fin. Servs.,Inc., 775 So.2d 181, 183 (Ala. 2000); Bartlett,931 So.2d at 720-21. Accordingly, for purposes of our review of the trial court's action in this case, we assume the trial court treated Medical Supplies's motion as one seeking relief from a void judgment under Rule 60(b)(4). Compare McLendon v.Hepburn, 876 So.2d 479, 483 (Ala.Civ.App. 2003) (noting that "if the . . . motion had been construed as a Rule 59(e) motion, [it] would have been due to be dismissed on procedural grounds" and that the trial court's actions were consistent with the treatment of the motion as a Rule 60(b) motion).
Turning now to Trinity Automotive's petition for a writ of mandamus, we observe what has often been observed by both this court and our Supreme Court: "Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when `. . . the petitioner has no other adequate remedy'" and the other requirements for the issuance of such a writ are satisfied. See, e.g., Ex parte Amerigas,855 So.2d 544, 546 (Ala.Civ.App. 2003) (quoting Ex parte FlintConstr. Co., 775 So.2d 805, 808 (Ala. 2000) (citing Exparte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997))). Subject to certain exceptions, when an appeal is not considered to be an "adequate remedy," "[i]t is now a well-established general rule in this state that if the matters complained of can ultimately be presented by an appeal, a writ of mandamus will not be issued." Ex parte Spears, 621 So.2d 1255, 1256
(Ala. 1993) (citing Ex parte Fowler, 574 So.2d 745
(Ala. 1990)). The trial court's order granting Medical Supplies's motion and vacating its November 19, 2004, judgment domesticating the original New York judgment on the ground that the original judgment was void for want of jurisdiction, finally disposed of the Alabama case and therefore was appealable.See, e.g., Littlefield v. Cupps, 371 So.2d 51
(Ala.Civ.App. 1979). Thus, because an adequate remedy by appeal was available to Trinity Automotive, we deny Trinity Automotive's petition for a writ of mandamus.
Turning now to Trinity Automotive's appeal, we first note that "[t]he standard of review on appeal from an order granting relief under Rule 60(b)(4), Ala. R. Civ. P. (`the judgment is void'), is not whether the trial court has exceeded its *Page 1010 
discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation." Ex parte Full Circle Distribution, L.L.C.,883 So.2d 638, 641 (Ala. 2003). "If the judgment is valid, it must stand; if it is void, it must be set aside." InsuranceMgmt. Admin., Inc. v. Palomar Ins. Corp.,590 So.2d 209, 212 (Ala. 1991). Thus, our standard of review is de novo.Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45,51 (Ala. 2003).
"If the court of another state has personal and subject matter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state." Century Int'l Mgmt. v. Gonzalez,601 So.2d 105, 107 (Ala.Civ.App. 1992). The validity of a foreign judgment is determined by reference to the law of the state in which the rendering court sits. Stribling Equip., Inc. v.Crager, 891 So.2d 299, 302 (Ala. 2004). "The party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption."Century Int'l Mgmt, 601 So.2d at 107.
The exercise of personal jurisdiction by a state court over a nonresident defendant must comport with the due-process clause of the Fourteenth Amendment to the United States Constitution.International Shoe Co. v. Washington, 326 U.S. 310,316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[T]he personal jurisdiction requirement is a waivable right," however, and there are a "`Variety of legal arrangements' by which a litigant may give `express or implied consent to the personal jurisdiction of the court.'" Burger King Corp. v.Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985) (quoting Insurance Corp. of Ireland v.Compagnie des Bauxites de Guinee, 456 U.S. 694, 703,102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). One such legal arrangement is an agreement by both parties to a contract that they will submit to the courts of a particular forum a dispute arising from the contract. See id. "Where such forum-selection provisions have been obtained through `freely negotiated' agreements and are not `unreasonable and unjust,' . . . their enforcement does not offend due process." Id. (quotingThe Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15,92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).
Likewise, under New York law, a forum-selection clause, like the one contained in the lease agreement in the present case, is sufficient, subject to certain exceptions, to vest New York courts with personal jurisdiction over a nonresident defendant without regard to whether another independent ground for personal jurisdiction exists under the New York long-arm statute (N.Y. C.P.L.R. § 302 (McKinney 2006)).[3] Premium RiskGroup, Inc. v. Legion Ins. Co., 294 A.D.2d 345, 345,741 N.Y.S.2d 563, 564 (2002); National Union Fire Ins. Co. ofPittsburgh, Pa. v. Williams, 223 A.D.2d 395, 396-98,637 N.Y.S.2d 36, 38-39 (1996); Banco do Commercio e Industria deSao Paolo S.A v. Esusa Engenharia e Construcoes S.A.,173 A.D.2d 340, 341, 569 N.Y.S.2d 708, 708 (1991) ("It is well settled that parties to an agreement may consent to submit to the jurisdiction of a court which would otherwise not have personal jurisdiction over them."). Specifically, *Page 1011 
New York courts will enforce an otherwise valid forum-selection clause as a basis for personal jurisdiction over a nonresident defendant unless enforcement of the clause would be
 "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court."
Premium Risk Group, Inc., 294 A.D.2d at 346,741 N.Y.S.2d at 564. Under New York law, a defendant challenging the enforcement of a forum-selection clause bears the burden of proving a basis for nonenforcement of the clause. Id.
In the present case, the trial court based its holding — that the forum-selection clause was ineffective to vest the New York court with personal jurisdiction over Medical Supplies — solely on New York law. Medical Supplies did not argue to the trial court that the federal due-process clause rendered the forum-selection clause ineffective, nor did the trial court make such a finding or reach such a conclusion.[4] Thus, with regard to the forum-selection clause, we consider only the question of whether the clause was enforceable under New York law.
In National Union Fire Insurance Company of Pittsburgh,Pennsylvania v. Weir, 131 A.D.2d 380, 517 N.Y.S.2d 141
(1987), a New York appellate court examined whether a trial court had properly denied a nonresident defendant's motion to dismiss the action against him for lack of personal jurisdiction. Weir, 131 A.D.2d at 380-81,517 N.Y.S.2d at 141-42. The appellate court noted that the defendant, a Texas resident, had executed an agreement with the plaintiff that contained a forum-selection clause designating New York courts as proper fora for actions or proceedings regarding the agreement. Id. On the basis of the forum-selection clause, the appellate court found that the trial court was vested with personal jurisdiction over the Texas resident, and that the trial court had properly denied the Texas resident's motion to dismiss. Id.
In Bell Constructors, Inc. v. Evergreen Caissons,Inc., 236 A.D.2d 859, 654 N.Y.S.2d 80 (1997), a New York appellate court reversed the dismissal, on the ground of forum non conveniens, of an action by a New York company against a Colorado company. Bell Constructors, Inc.,236 A.D.2d at 860, 654 N.Y.S.2d at 80-81. In the trial court, the Colorado company had argued that the forum-selection *Page 1012 
clause that was a part of the parties' contract, selecting New York courts as the appropriate venue for the enforcement of the contract, was unenforceable because the Colorado company "would suffer considerable economic hardship and loss of business time if compelled to defend the action in New York."236 A.D.2d at 860, 654 N.Y.S.2d at 80-81. On appeal, the appellate court held, in spite of the distance between Colorado and New York, that the Colorado company had failed to prove that a trial in New York "would be so gravely difficult and inconvenient that [it] would, for all practical purposes, be deprived of [its] day in court."236 A.D.2d at 860, 654 N.Y.S.2d at 81. Thus, the appellate court held that the forum-selection clause was enforceable.Id.
In 3H Enterprises v. Bennett, 276 A.D.2d 965,715 N.Y.S.2d 90 (2000), a New York appellate court reviewed a trial court's refusal to enforce a forum-selection clause that chose a particular New York court as the proper forum, against a husband and a wife who resided in Florida. Bennett,276 A.D.2d at 966-67, 715 N.Y.S.2d at 91-92. The appellate court noted that the controversy giving rise to the lawsuit had "no substantial nexus with New York", and that all of the parties and witnesses, except the plaintiffs president, resided in Florida. 276 A.D.2d at 966, 715 N.Y.S.2d at 92. It also found significant the fact that "both defendants [were] senior citizens who suffer[ed] from health problems which ma[de] it difficult and inadvisable to travel." 276 A.D.2d at 967,715 N.Y.S.2d at 92. On those bases, the appellate court affirmed the trial court's refusal to enforce the forum-selection clause.Id.
In the present case, the trial court, applying New York law, held that the lease agreement's forum-selection clause did not vest the New York court with personal jurisdiction over Medical Supplies because the forum-selection clause was "unreasonable and unjust" and because "the distance between the state of New York and Geneva County, Alabama create[d] a gravely difficult circumstance for [Medical Supplies] to travel, participate in and defend [Trinity Automotive]'s complaint." The trial court based this determination on its finding that (1) Medical Supplies "is a small LLC doing business in rural Geneva County, Alabama"; (2) the authority of Lewis to enter into the lease agreement on behalf of Medical Supplies was "in question"; and (3) Medical Supplies had no contacts with the State of New York beyond the lease agreement and the lease payments that it sent to Trinity Automotive in New York.
We conclude that the trial court erred as a matter of law when it found that the forum-selection clause in the lease agreement did not provide the New York trial court with a basis upon which to exercise personal jurisdiction over Medical Supplies. The fact that New York courts have enforced forum-selection clauses against individuals undercuts any basis upon which to find that Medical Supplies' size prevents enforcement of a forum-selection clause under New York law, certainly in the absence of any evidence that Medical Supplies's financial situation was such that it could not defend itself in a New York court. The fact that there may be a question as to whether Lewis had the authority to enter into the lease agreement on Medical Supplies' behalf is likewise ineffective to render the forum-selection clause unenforceable, in the absence of any resolution of that question. The fact that Medical Supplies did not have contacts with the State of New York outside of the lease agreement and the payments it sent to Trinity Automotive in New York also does not form a basis to refuse enforcement of *Page 1013 
the forum-selection clause; as previously stated, personal jurisdiction over a nonresident defendant that is founded on a forum-selection clause need not be supported by the defendant's contacts with the selected forum. Finally, in light of Weir,supra, wherein the New York court refused to dismiss a case against an individual residing in Texas for lack of personal jurisdiction where jurisdiction was founded on a forum-selection clause, and Bell Constructors, Inc., supra, wherein a New York court upheld a forum-selection clause against a Colorado company, we find that, under New York law, the distance between Alabama and New York is not sufficient to hold that the forum-selection clause in the present case is unenforceable in the absence of any evidence that Medical Supplies was unable to travel to New York for the purpose of defending itself against Trinity Automotive's claim.
Because the factual findings that the trial court set forth in its judgment do not support its legal conclusion that the lease agreement's forum-selection clause was unjust and unreasonable and that the clause's enforcement would have effectively deprived Medical Supplies of its day in court, we conclude that the trial court erred as a matter of law when it set aside its order domesticating the New York judgment. For this reason, the trial court's judgment is reversed.
2040984 — PETITION DENIED.
2041020 — REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] Robert Lewis was a member of Medical Supplies and appears to have signed the lease agreement on behalf of Medical Supplies. We note that, although Medical Supplies argued to the trial court that Lewis was acting outside of his authority as a member of Medical Supplies when he signed the lease, and although the trial court's judgment did acknowledge that Lewis's authority was in question, the trial court expressed no findings of fact with regard to this question.
[2] Apparently, as of April 27, 2005, Robert Lewis was no longer a member of Medical Supplies.
[3] On this point, New York's law can be contrasted with Florida law, under which a party seeking to enforce a forum-selection clause must prove not only the validity of the clause, but must also demonstrate a separate basis for jurisdiction under the Florida long-arm statute. See Exparte Kenco Signs Awning Division, Inc.,732 So.2d 1019, 1024 (Ala.Civ.App. 1999) (citing McRae v. J.D./M.D.,Inc., 511 So.2d 540 (Fla. 1987)).
[4] To be sure, Medical Supplies argued to the trial court that the forum-selection clause was insufficient, without more, to vest the New York court with personal jurisdiction. Medical Supplies's argument, however, was limited to its view that, under New York law, Trinity Automotive was obligated to demonstrate an independent basis for personal jurisdiction under New York's long-arm statute and to demonstrate that Medical Supplies had minimum contacts with the State of New York. Medical Supplies did not argue that application of the forum-selection clause in this case would be "unreasonable and unjust" in violation of the federal due-process clause.
We also note that Medical Supplies's foregoing arguments, which the trial court did not cite in its judgment, do not provide this court with an alternative basis upon which to sustain the trial court's judgment. As previously noted, a forum-selection clause can be sufficient under federal and New York law, without more, to vest a New York court with jurisdiction over a nonresident defendant, notwithstanding the defendant's lack of sufficient contacts with the State of New York or an independent jurisdictional basis under the New York long-arm statute. See Burger King Corp.,471 U.S. at 472 n. 14, 105 S.Ct. 2174; note 3, supra, and accompanying text. Medical Supplies's argument to the contrary in the trial court was ill founded.