OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In 2006, plaintiff, a small corporation with offices in Nassau County, New York, purchased a used 1993 Ford Club Wagon van from defendant S First Class Enterprises, Inc. Acting as agent for defendant Auto Life EX (appellant), defendant S First Class Enterprises, Inc. simultaneously sold plaintiff a five-year/ 100,000-mile engine and transmission warranty contract. S First Class Enterprises, Inc. is a New York corporation, and the entire transaction occurred in New York.
In this action, plaintiff alleges that, within a short time after the purchase and during the term of the warranty, the van broke down and became unusable and, among other things, that appellant breached the warranty contract by denying plaintiff’s claim for coverage of repairs to the van and by refusing to pay for such repairs. Appellant moved to compel plaintiff to arbitrate its dispute with it and to stay this action pending such arbitration, based on a contractual clause which required that any claim or controversy arising out of or relating to the warranty be settled by binding arbitration in Maricopa County, Arizona. In opposition to the motion, plaintiff noted that, pursuant to the terms of the warranty, the maximum it could hope to recover in this action against appellant was $3,500, and that the costs associated with prosecuting its claims against appellant in Arizona, including the costs of transporting witnesses and evidence, would be so high as to render any potential recovery illusory and the warranty unenforceable. The District Court granted appellant’s motion to the extent of compelling arbitration of plaintiffs causes of action against appellant and staying this action insofar as asserted against appellant. The court concluded that, pursuant to the warranty agreement, the controversy was required to be settled by binding arbitration in accordance with the arbitration rules of the American Arbitration Association. However, noting that the warranty limited the amount of appellant’s liability to an amount that fell within the monetary jurisdictional limit of the Small Claims Part of the *66 court, the District Court declined to enforce the provision of the agreement which specified that the forum of any arbitration be Maricopa County, Arizona, on the ground that enforcement of that provision would be prohibitively expensive for plaintiff and would act to discourage or deter potential claimants from seeking arbitration. We agree.
“A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court.” (LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395 [2006]; accord Bernstein v Wysoki, 77 AD3d 241 [2010]; Stravalle v Land Cargo, Inc., 39 AD3d 735, 736 [2007]; see also Brooke Group v JCH Syndicate 488, 87 NY2d 530 [1996].)
A just basis for denying enforcement of a forum selection clause may be found where the costs and inconvenience of litigating in a foreign forum would, for all intents and purposes, deprive the litigant of his day in court (see Scarcella v America Online, Inc., 11 Misc 3d 19 [App Term, 1st Dept 2005]; see also Strujan v AOL, 12 Misc 3d 1160[A], 2006 NY Slip Op 50981[U] [Civ Ct, NY County 2006] [in an action for $2,500, sustaining jurisdiction in New York despite a forum selection clause contained in an Internet service agreement which mandated jurisdiction in Virginia]; Oxman v Amoroso, 172 Misc 2d 773, 780 [Yonkers City Ct 1997]).
Here, concluding that enforcement of the forum selection clause of the warranty agreement would improperly chill or extinguish plaintiffs claims thereunder, and noting too the significant public policy interest in the enforceability of warranties, we find that the District Court properly denied appellant’s motion to the extent that it sought an order compelling that the venue of the arbitration be Maricopa County, Arizona. Accordingly, the order, insofar as appealed from, is affirmed.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.