Breakaway Courier Corp. v Berkshire Hathaway, Inc. (2023 NY Slip Op 02077)

Breakaway Courier Corp. v Berkshire Hathaway, Inc.

2023 NY Slip Op 02077

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 654806/16 Appeal No. 94 Case No. 2021-03158 

[*1]Breakaway Courier Corporation, Doing Business as Breakway Courier Systems, Plaintiff-Appellant,
v
Berkshire Hathaway, Inc., Defendant. California Insurance Company et al., Defendants-Respondents.

Carcich O'Shea, LLC, New City (Christopher J. Carcich of counsel), for appellant.
DLA Piper LLP (US), New York (Shand S. Stephens of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered on or about July 8, 2021, which granted defendants-respondents' (Applied Defendants) motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the complaint based on the forum selection clause in the Reinsurance Participation Agreement (RPA). As this Court held in Amazing Home Care Servs., LLC v Applied Underwriters Captive Risk Assur. Co. Inc. (191 AD3d 516, 518 [1st Dept 2021]), the forum selection clause in the RPA executed by plaintiff and by defendant Applied Underwriters Captive Risk Assurance Company, Inc. (AUCRA) requires challenges to the RPA to be litigated in Nebraska, including the claim that the RPA itself is invalid. As in that case, the controlling factor is not whether the RPA itself was illegal or unreasonable, but whether the forum selection clause itself was illegal or unreasonable (id.; see British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1st Dept 1991]).
Paragraph 13 of the RPA required the parties to resolve any dispute arising under the RPA by arbitration in the British Virgin Islands. However, AUCRA agreed, as part of a consent order it entered into with the New York State Department of Financial Services, not to commence arbitration proceedings or enforce arbitration provisions pursuant to contracts entered into in the State of New York or by New York employers. Therefore, Paragraph 16 of the RPA, which states that "[t]his Agreement shall be exclusively governed by and construed in accordance with the laws of Nebraska and any matter concerning this Agreement that is not subject to the dispute resolution provisions of Paragraph 13 hereof shall be resolved exclusively by the courts of Nebraska without reference to its conflict of laws" is controlling. As there is no longer any matter concerning the RPA that is subject to the dispute resolution provisions of Paragraph 13, Paragraph 16's broad and clear forum selection clause requires the dismissal of the complaint as the claims must be heard in Nebraska.
Plaintiff's assertion that Amazing Home Care is distinguishable because, in this case, plaintiff's claims center on the workers' compensation policies rather than on the RPA itself, is unavailing. Initially, although most of the claims in Amazing Home Care centered on the RPA, several did not (Amazing Home Care Servs., LLC, 191 AD3d at 517). Additionally, 10 of plaintiff's 13 causes of action in this case address the RPA directly. Moreover, the gravamen of plaintiff's allegations against the workers' compensation policies is that they illegally required plaintiff to enter into the RPA as a condition of the policies, that the representations made by defendants were misleading and fraudulent and, as in Amazing Home Care, that the entire scheme was an illegal attempt to evade state regulators.
Finally, because defendant AUCRA, which provided the RPA to plaintiff, is an [*2]essential party to this litigation, the court properly dismissed the complaint against all Applied Defendants. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023