CSI IT, LLC v Dungey (2025 NY Slip Op 03244)

CSI IT, LLC v Dungey

2025 NY Slip Op 03244

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 655457/23|Appeal No. 4481|Case No. 2024-04572|

[*1]CSI IT, LLC, Plaintiff-Appellant,
v
Scott W. Dungey, Defendant-Respondent.

Ice Miller, Indianapolis, IN (Alexander Talel and George A. Gasper of the Bar of the State of Indiana and District of Columbia, admitted pro hac vice, of counsel), for appellant.
Felicello Law P.C., New York (Kristie M. Blase of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 2, 2024, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(4), unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in dismissing the complaint on the ground that there is a prior pending action in Florida which involves a broader set of parties and issues than the instant action, was commenced before the New York action, and has discovery already underway (see Alvarez & Marshal Valuation Servs., LLC v Solar Eclipse Inv. Fund III, LLC, 216 AD3d 447, 448 [1st Dept 2023]; Syncora Guar. Inc. v J.P. Morgan Sec., LLC, 110 AD3d 87, 96 [1st Dept 2013]).
The forum selection clause in defendant's severance agreement selecting New York as the appropriate jurisdiction does not require a different result. Defendant showed that enforcement of the forum selection clause would be unreasonable or unjust under these circumstances (see British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234, 234 [1st Dept 1991]). As found by the Florida court, the plaintiff in that action, CSI IT Holdings, LLC (Holdings), plaintiff's parent company, sued defendant for conduct in alleged breach of non-competition and non-solicitation restrictions in Holdings' LLC Agreement. Accordingly, defendant's counterclaim, alleging that CSI IT, LLC (CSI), plaintiff in this action, and Holdings breached the severance agreement, which partially released him from his non-competition restriction, was compulsory (see Londono v Turkey Creek, Inc., 609 So2d 14, 19 [1992]). Thus, Holdings' initiation of the Florida action compelled defendant to litigate to a binding conclusion his counterclaim against Holdings and CSI in a jurisdiction other than the one the parties selected, lest he waive the claim (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 141 AD3d 464, 467-468 [1st Dept 2016], affd 31 NY3d 64 [2018]).
In denying Holdings' and CSI's motion to dismiss defendant's counterclaim on the grounds that Florida was an improper venue based on the forum selection clause in the severance agreement, the Florida court found that Holdings "waived [its] right to enforce the forum selection provision[] in the . . . Severance [Agreement]" by instituting the Florida action. This finding further weighs against enforcing the forum selection
clause here in order to avoid reaching an inconsistent result (see Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025