■ JOSEPH RUBENS, Appellant, v UBS AG, Respondent. [5 NYS3d 55]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered February 14, 2014, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 14, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

We reject plaintiff's contention that the forum selection clauses contained in an account opening document and a power of attorney he signed are merely permissive. Both documents use clear, unconditional language to designate Zurich, Switzerland, as the parties' forum of choice (*cf. Columbia Cas. Co. v Bristol-Myers Squibb Co.*, 215 AD2d 91, 96 [1st Dept 1995] [provision containing no mandatory language binding parties to particular forum was "clearly permissive"]). Moreover, plaintiff does not dispute that the forum selection clauses in the parties' three subsequent agreements are mandatory; he contends only that he lacked the power to enter into those agreements. However, as established by the defendant's expert affidavit, the agreements are valid and enforceable against plaintiff under Swiss law.

Plaintiff failed to show that the parties' agreements containing the forum selection clauses are "permeated with fraud" since he does not allege a material misrepresentation by defendant (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*,

87 AD3d 287, 293 [1st Dept 2011]). Plaintiff's argument that defendant fraudulently showed him only the signature pages of the agreements is unavailing since he "is presumed to know the contents of the instrument [he] signed and to have assented to such terms" (*British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234, 234 [1st Dept 1991]). The remainder of plaintiff's fraud allegations are conclusory (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

We reject plaintiff's argument that he will be denied his day in court if the mandatory forum selection clauses, to which he assented, are enforced. Plaintiff provides no legal basis for his contention that his age would make litigation in Switzerland impracticable and inconvenient or that he has an unmitigated right to litigate his claims in New York under a contingency fee arrangement. Nor can plaintiff avoid enforcement of the mandatory forum selection clauses under these circumstances on the ground that Switzerland does not follow the "American rule" with respect to attorneys' fees. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.