■ JERUSALEM AVENUE TAXPAYER, LLC, et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [27 NYS3d 550]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered on or about January 14, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment seeking to reform defendant's insurance policy to add plaintiff Jerusalem Avenue Taxpayer, LLC (Jerusalem) as an additional insured, ordered defendant to defend and indemnify Jerusalem in an underlying action and to reimburse plaintiff CastlePoint for reasonable costs and expenses it spent defending and indemnifying Jerusalem in that action, unanimously reversed, on the law, with costs, plaintiffs' motion denied with leave to renew upon joinder of Best Yet Markets, Inc. (Best Yet), and the complaint dismissed unless Best Yet is joined within a reasonable time.

Best Yet is a necessary party to the plaintiffs' reformation claim. Plaintiffs seek reformation of an insurance policy to which they are not parties, and which was executed between defendant Liberty and nonparty Best Yet, on the ground that the parties to the policy intended that Best Yet, as lessor, obtain insurance coverage for plaintiff, Jerusalem, as lessee of the Best Yet premises in Hicksville. The issue of whether Best Yet intended to obtain coverage from Liberty for Jerusalem, which it was not obliged to do in the underlying lease, and whom Best Yet never expressly requested be included in the Liberty insurance policy, is at the heart of the reformation claim (*see Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc.*, 112 AD3d 78, 85-86 [1st Dept 2013]; *Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co.*, 36 AD3d 441, 442-443 [1st Dept 2007]). More importantly, the reformation claim would have adverse effects on Best Yet, which would be obligated to pay the deductible if Liberty is ordered to indemnify Jerusalem, and who could incur increased premiums.

It would also affect the amount of insurance coverage available at that Best Yet location. In addition, as Best Yet would not otherwise be bound by the trial court's order, there could be inconsistent results where Best Yet argues that Liberty improperly paid the claim (*see Steinbach v Prudential Ins. Co. of Am.*, 172 NY 471, 477-478 [1902]).

Accordingly, plaintiffs' summary judgment motion should not have been granted, nor should the case continue without joinder of Best Yet within a reasonable time (CPLR 1001 [a]; *L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 10-11 [1st Dept 2007]; *Safena v Giuliano*, 53 AD3d 650, 650 [2d Dept 2008]; *see also Steinbach*, 172 NY at 477-478). Concur— Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.