Amazing Home Care Servs., LLC v Applied Underwriters Captive Risk Assur. Co. Inc. (2021 NY Slip Op 00986)





Amazing Home Care Servs., LLC v Applied Underwriters Captive Risk Assur. Co. Inc.


2021 NY Slip Op 00986


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 650789/18 Appeal No. 12807 Case No. 2019-05452 

[*1]Amazing Home Care Services, LLC et al, Plaintiffs-Respondents,
v
Applied Underwriters Captive Risk Assurance Company Inc., et al., Defendant-Appellants, Berkshire Hathaway, inc., et al., Defendants.


DLA Piper LLP (US), New York (Anthony P. Coles of counsel), for appellants.
Lipsius-BenHaim Law, LLP, Kew Gardens (Alexander J. Sperber of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 9, 2019, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (the Applied defendants) motion to dismiss the first amended complaint, with the exception of the Insurance Law § 4226 and General Business Law § 350 claims, and granted plaintiffs' motion for leave to file and serve a second amended complaint, unanimously modified, on the law, to dismiss the second amended complaint without prejudice to re-filing in Nebraska, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiffs are approximately 40 New York-affiliated entities in the healthcare business. The Applied defendants are 11 entities that marketed and sold workers' compensation insurance policies to plaintiffs. The alleged insurance policy at issue here is the Reissuance Participation Agreement (RPA), to which all plaintiffs and defendant Applied Underwriters Captive Risk Assurance Company (AUCRA) are signatories. Plaintiffs allege that defendants engaged in a fraudulent scheme under which they sold plaintiffs the RPA without taking the necessary steps to have it approved by New York State's Department of Financial Services (DFS) as required under New York law.[FN1] Plaintiffs assert 18 causes of action against defendants, 14 of which contain allegations relating to the RPA.[FN2] The RPA contains a forum selection clause requiring any RPA-related litigation to be prosecuted in Nebraska, which is AUCRA's principal place of business.
AUCRA previously commenced an action in the District Court of Douglas County, Nebraska alleging that plaintiffs (who were defendants in that action) breached the RPA (Applied Underwriters Captive Risk Assur. Co., Inc. v Amazing Home Care Servs., LLC, Dist Ct, Douglas County Neb, Nov. 19, 2018, Gleason, J., Case No. CI 18-3073).[FN3] The Nebraska court dismissed the action, finding that it lacked jurisdiction over the New York domiciled plaintiffs because the RPA's forum selection clause was unenforceable pursuant to Nebraska's Choice of Forum Act (Neb Rev Stat Ann § 25-413 et seq.; see Applied Underwriters, Inc. v Dinyari, Inc., 2008 WL 2231114 [Neb Ct App, May 20, 2008]; see also Ameritas Inv. Corp. v McKinney, 269 Neb 564, 572 [2005]).
AUCRA then moved to dismiss this action based on the RPA's forum selection clause, arguing that plaintiffs were required to litigate their claims against it in Nebraska. The remaining Applied defendants moved to dismiss on the basis that, if AUCRA were to be dismissed from the action, dismissal as against them was required, since AUCRA is a necessary and indispensable party. The motion court denied the motion to dismiss in part, holding, "At this stage this Court has an open mind as to whether the RPA is 'permeated with fraud,' which would vitiate the forum selection clauses therein, but disclosure at trial may reveal that to be the case."
Contrary to plaintiffs' [*2]contention, AUCRA is not collaterally estopped from seeking to enforce the forum selection clause because the issue before the Nebraska court differs from the issue in this action (see Alamo v McDaniel, 44 AD3d 149, 154 [1st Dept 2007]). The Nebraska court based its decision on the enforceability of the forum selection clause using Nebraska's Choice of Forum Act, which is inapplicable here. We apply New York law in determining whether to enforce a forum selection clause (see Boss v American Express Fin. Advisors, Inc., 15 AD3d 306, 307 [1st Dept 2005], affd sub nom. Boss v American Express Fin. Advisors, Inc., 6 NY3d 242 [2006] [New York law used to determine that forum selection clause designating Minnesota as the venue for any litigation was valid]; see also British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1st Dept 1991] [New York law used to determine that forum selection clause designating Luxembourg as the venue for any litigation was valid]).
Moreover, here, the parties are reversed. The issue before us is thus not identical to the issue before the Nebraska court.
Further, plaintiffs have failed to demonstrate that it would be unreasonable or unjust to enforce the forum selection clause or that there was any "fraud or overreaching . . . with respect to the [forum selection] provision itself" (British W. Indies Guar. Tr., 172 AD2d 234; Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222 [1st Dept 2006]).
Plaintiffs' specific challenges to the RPA — including their claim that AUCRA's failure to file the RPA with the New York State Department of Financial Services voids the RPA — must be litigated in Nebraska, pursuant to the forum selection clause.
Plaintiffs' allegation that AUCRA never disclosed to plaintiffs that the RPA contained the forum selection clause is insufficient because plaintiffs are "presumed to know the contents of the instrument [they] signed and to have assented to such terms" (Rubens v UBS AG, 126 AD3d 421, 422 [1st Dept 2015], quoting British W. Indies Guar. Tr., 172 AD2d at 234). Furthermore, the forum selection clause is clearly set forth in the RPA in capital letters.
Finally, the second amended complaint should be dismissed against the remaining defendants because AUCRA is necessary and indispensable. AUCRA is the only defendant that is a party to the RPA, the document at the center of this action and the basis for most of the claims asserted by plaintiffs. Failure to include AUCRA would result in this Court making determinations about an agreement to which AUCRA is a signatory without its presence, thus inequitably affecting AUCRA (see Jerusalem Ave. Taxpayer, LLC v Liberty Mut. Ins. Co., 137 AD3d 600 [1st Dept 2016] [a party to an insurance policy is a necessary party in an action seeking reformation of the policy]).
While a court may excuse the joinder of a necessary party (CPLR 1001[b]), we decline to allow the instant New York action to proceed because [*3]an effective judgment cannot be rendered in AUCRA's absence (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 458 [2005]). "The possibility of multiple conflicting judgments" and "duplicative liability" would prejudice AUCRA and should be avoided (Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 554 [2012]). Moreover, plaintiffs are not without a remedy; they may commence an action in Nebraska where the majority of the Applied defendants are either incorporated or have their principal place of business.[FN4] 
In view of our dismissal of the second amended complaint on these grounds, we need not address the merits of plaintiffs' claims. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021



Footnotes

Footnote 1: Although plaintiffs asserted allegations against all defendants, only the Applied defendants bring this appeal.

Footnote 2: Counts VII, XI, XIII, and XIV do not explicitly mention the RPA.

Footnote 3: AUCRA was the only plaintiff in that action.

Footnote 4: We note that all but two of the corporations that comprise the Applied defendants are either Nebraska corporations or have their principal place of business in Nebraska. Defendant Applied Risk Services of New York, Inc. is a New York corporation and Commercial General Indemnity, Inc. is a Hawaii corporation. Although these two defendants are not subject to general personal jurisdiction in Nebraska, plaintiffs fail to address whether these defendants might be subject to specific personal jurisdiction there (see generally Bristol-Myers Squibb Co. v Superior Court of California, San Francisco County., - US -, 137 S Ct 1773 [2017]).